## UNITED STATES v. PETRONE et al.

### No. M–5418.

District Court, D. New Jersey.

June 2, 1937.

Isador S. Worth, of Camden, N. J., for petitioners.

John J. Quinn, U. S. Atty., of Red Bank, N. J., by William F. Smith, Asst. U. S. Atty., of Trenton, N. J., for the United States.

AVIS, District Judge.

Stanley Petrone, the principal, and defendant in a criminal action in the United States District Court for the District of New Jersey, was placed under arrest on or about May 1, 1935, and held to answer in bail fixed at the sum of $3,500. The sureties above named executed a recognizance in the above-mentioned sum on the date aforesaid for the appearance of said principal at such time as he might be required by the court.

The case was fixed for trial on January 6, 1936, and the defendant failed to answer. As a consequence the bail was forfeited, and subsequently proceedings were commenced by scire facias against the defendant and sureties, resulting in a

judgment against all of the parties for $3,-500 and costs. ·

The sureties filed their petition, praying that they be relieved of the judgment; the bail exonerated, and the forfeiture vacated. Upon this petition, an order to show cause was issued, testimony taken thereunder, and argument presented.

The evidence shows that on the date fixed for trial, the defendant was imprisoned in the District of Columbia jail under a sentence imposed by the Judge of the Supreme Court of the said District, upon a conviction for violation of the Liquor Taxing Act of 1934. The defendant was sentenced under the name of Lawrence J. Swann, and proofs produced satisfy the court that "Petrone" and "Swann" is the same individual.

 The petitioners rely upon an act of Congress, found in 18 U.S.C.A. § 601, reading as follows: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

Although this act is remedial and should be liberally construed, there are three provisions which are jurisdictional:

(1) "No willful default of the party."

(2) "That a trial can, notwithstanding, be had."

(3) "That public justice does not otherwise require the same penalty to be enforced."

 As to No. 2, the trial cannot be had because the indictment has been nolle prossed, on the motion of the United States Attorney.

 It is first argued that "willful default" should be construed to apply to the sureties, who are the petitioners, and that if they show good cause the remission should be allowed. Several cases are found in the reports in which the courts have taken this view. It is not necessary to cite them, as I am convinced that the other view applying the statute to the default of the principal only is the correct interpretation of the law. See United States v. American Bond-ing Co. of Baltimore, Md. (C.C.A.9) 39 F.(2d) 428, and cases cited; Fidelity & Deposit Co. of Maryland v. United States (C.C.A.9) 47 F.(2d) 222; United States v. Costello (C.C.A.6) 47 F.(2d) 684; United States v. Levine (D.C.E.D.N.Y.) 1 F.Supp. 104; United States v. Vincent (D.C.Mass.) 10 F.Supp. 489.

 It is true that the statute gives discretion to the court, but this is to be exercised as a judicial discretion, and applies generally to the discretion which may be exercised by the court, even if the default is not willful.

Under this division, it is also argued that the default was not "willful," because at the time the appearance of the principal was required in this court, he was imprisoned in Virginia, under a conviction had in the District of Columbia. It is true, and the cases hold, as between different sovereignties, that when a party is arrested by order of a state court and released from custody on bail, and his bail permits him to go into another state, where he is arrested and imprisoned for an offense, or is extradited from the second state to a third and there imprisoned, the bail will not be exonerated.

This principle is very clearly stated in the case of Taylor v. Taintor, 16 Wall. (83 U.S.) 366, 369, 21 L.Ed. 287. In that case the court said:

"It is the settled law of this class of cases that the bail will be exonerated where the performance of the condition is rendered impossible by the act of God, the act of the obligee, or the act of the law. Where the principal dies before the day of performance, the case is within the first category. Where the court before which the principal is bound to appear is abolished without qualification, the case is within the second. If the principal is arrested in the State where the obligation is given and sent out of the State by the governor, upon the requisition of the governor of another State, it is within the third. In such cases the governor acts in his official character, and represents the sovereignty of the State in giving efficacy to the Constitution of the United States and the law of Congress. If he refuse, there is no means of compulsion. But if he act, and the fugitive is surrendered, the State whence he is removed can no longer require his appearance before her tribunals, and all obligations which she has taken to secure that result thereupon at once, ipso facto, lose their

binding effect. The authorities last referred to proceed upon this principle.

"It is equally well settled that if the impossibility be created by the obligor or a stranger, the rights of the obligee will be in nowise affected. And there is 'a distinction between the act of the law proper and the act of the obligor, which exposes him to the control and action of the law.' While the former exonerates, the latter gives no immunity. It is the willing act of the obligor which creates the obstacle, and the legal effect is the same as of any other act of his, which puts performance out of his power. This applies only where the accused has been convicted and sentenced. Before judgment—non constat —but that he may be innocent.

"Where a State court and a court of the United States may each take jurisdiction, the tribunal which first gets it holds it to the exclusion of the other, until its duty is fully performed and the jurisdiction invoked is exhausted: and this rule applies alike in both civil and criminal cases. It is indeed a principle of universal jurisprudence that where jurisdiction has attached to person or thing, it is—unless there is some provision to the contrary—exclusive in effect until it has wrought its function.

"Where a demand is properly made by the governor of one State upon the governor of another, the duty to surrender is not absolute and unqualified. It depends upon the circumstances of the case. If the laws of the latter State have been put in force against the fugitive, and he is imprisoned there, the demands of those laws may first be satisfied. The duty of obedience then arises, and not before. In the case of Troutman, cited supra, the accused was imprisoned in a civil case. It was held that he ought not to be delivered up until the imprisonment had legally come to an end. It was said that the Constitution and law refer to fugitives at large, in relation to whom there is no conflict of jurisdiction.

"The law which renders the performance impossible, and therefore excuses failure, must be a law operative in the State where the obligation was assumed, and obligatory in its effect upon her authorities. If, after the instrument is executed, the principal is imprisoned in another State for the violation of a criminal law of that state, it will not avail to protect him or his sureties. Such is now the settled rule.

"When bail is given, the principal is regarded as delivered to the custody of his sureties. Their dominion is a continuance of the original imprisonment. Whenever they choose to do so, they may seize him and deliver him up in their discharge; and if that cannot be done at once, they may imprison him until it can be done. They may exercise their rights in person or by agent. They may pursue him into another State; may arrest him on the Sabbath; and, if necessary, may break and enter his house for that purpose. The seizure is not made by virtue of new process. None is needed. It is likened to the rearrest by the sheriff of an escaping prisoner. In 6 Modern it is said: 'The bail have their principal on a string; and may pull the string whenever they please, and render him in their discharge.' The rights of the bail in civil and criminal cases are the same. They may doubtless permit him to go beyond the limits of the State within which he is to answer, but it is unwise and imprudent to do so; and if any evil ensue, they must bear the burden of the consequences, and cannot cast them upon the obligee."

16 Wall. (83 U.S.) 366, 369–372, 21 L. Ed. 287.

The question involved in the instant case differs from the principle established in the case of Taylor v. Taintor, supra, because of the fact that the courts involved are both under the sovereignty of the United States.

The Supreme Court of the District of Columbia is a co-ordinate branch of the United States courts, and is a "District Court of the United States" with cognizance of all criminal cases involving violation of the general United States laws. See Arnstein v. United States, 54 App.D. C. 199, 296 F. 946, certiorari denied 264 U. S. 595, 44 S.Ct. 454, 68 L.Ed. 867; Pitts v. Peak, 60 App.D.C. 195, 50 F.(2d) 485, certiorari denied 284 U.S. 640, 52 S.Ct. 21, 76 L.Ed. 544.

In the case of Arnstein v. United States, supra, it is also determined that a violation of the Code of the District of Columbia is a "crime against the United States."

In the case of Easterday v. McCarthy, United States Marshal (C.C.A.2) 256 F. 651, on page 652, the court said:

"The District is and always has been a part of the United States (Downes v. Bidwell, 182 U.S. [244] 260, 21 S.Ct. 770, 45 L.Ed. 1088), under the exclusive juris-

diction of Congress (Shoemaker v. United States, 147 U.S. [282] 298, 13 S.Ct. 361, 37 L.Ed. 170). Any and every criminal offense is a violation of sovereignty, and there is no other sovereign in or over the District, except the United States. ' * * *

"That Revised Statutes, § 1014 [18 U. S.C.A. § 591 and note], is applicable to removals to the District of Columbia, is too well settled to justify discussion."

In the case of Lyons v. Bank of Discount (C.C.S.D.N.Y.) 154 F. 391, the court, on page 393, said: "The courts of the District are courts of the United States, and it is a district to which criminals may be removed for trial. The laws made by Congress for the government of the District and persons and property therein are laws of the United States and are to be enforced as such."

In the case of Peckham v. Henkel, United States Marshal, 216 U.S. 483, on pages 485, 486, 30 S.Ct. 255, 256, 54 L.Ed. 579, the court said: "But it is said that while the removal proceedings in the northern district of New York are pending, appellant cannot be removed under the later complaint without disregarding the jurisdiction over his person which first attached by virtue of the prior effort to remove him to the District of Columbia. That Peckham is under bond to appear and comply with the order of removal made by Judge Ray, and, therefore, constructively in the custody of his sureties, must be conceded. But if the performance of the condition of that bail bond is rendered impossible by his removal in these subsequent proceedings, at the instance of the United States, the effect may be to exonerate his sureties."

The circumstances being that the principal was, by order of the United States Court of the District of Columbia, actually in jail under a sentence of that court at the time his presence was desired in this District, I am inclined to believe exonerates his sureties on the bail given in this District, or, at least, demonstrates that his failure to appear was not "willful."

In the brief for the United States two cases are cited, bearing on this subject.

The first, Weber v. United States (C.C. A.8) 32 F.(2d) 110. In that case the defendant had gone to another state, and had been imprisoned by reason of a conviction under a state law. The conclusion of the court in that case appears to be dictum, but, if otherwise, is not applicable to the facts in the instant case because of diversity of sovereignty.

The second, La Grotta v. United States (C.C.A.8) 77 F.(2d) 673, 103 A.L.R. 527. In that case it appeared that the defendant was not incarcerated under sentence of the Oregon court until seven months after his failure to answer in the Nebraska district. The court rightly held that his confinement, at that time, was no excuse for his failure to appear at the earlier date.

The full compliance with the terms of the recognizance in the instant case will not be required, but will be partially remitted; the judgment on scire facias will be discharged, and the recognizance discharged upon the payment of taxed costs and the sum of $300.