## UNITED STATES v. VENDETTI.
### No. 6991.

District Court, D. Massachusetts.

May 3, 1940.

Edmund J. Brandon, U. S. Atty., and James J. Sullivan, Sp. Atty., both of Boston, Mass., for plaintiff.

Abbott & Carroll, of Boston, Mass., for defendant.

BREWSTER, District Judge.

This is an action against a surety on a recognizance bond, given in a criminal proceeding. Defendant admits that she entered into a written recognizance as alleged, but sets up facts which she contends exonerate her from all liability on the instrument.

I find the facts of the case to be as stipulated by the parties in an agreed statement of facts, filed at the time of hearing. From this statement, it appears that—

A recognizance was given by Armando Pagliaro (the principal) on May 20, 1936, before a United States Commissioner in this District, and the defendant Ersilia Vendetti was surety on said recognizance in the sum of $2,000.

That said Pagliaro was indicted on June 22, 1936 in the United States District Court at Boston, Indictment No. 13512, and was

arraigned before said Court on June 29, 1936, at which time he pleaded not guilty; that the bail with the same surety, namely said Ersilia Vendetti, was allowed to stand continued.

On December 28, 1936, the said Pagliaro was arraigned on another indictment in said court, No. 13695, charging him and others with various crimes against the United States. On this indictment said Pagliaro was held in custody in default of bail until January 5, 1937, at which time he pleaded guilty and was sentenced by this court on four counts, to be imprisoned in a penitentiary for three and one-half years and to stand committed until performed.

While said Pagliaro was being transported to the Federal Penitentiary at Lewisburg, Pennsylvania, by the United States Marshal under a mittimus issued by this court, the said Pagliaro escaped from the United States Marshal.

On January 28, 1937 proclamation was made on Indictment No. 13512 in this court and the said Pagliaro and the said Vendetti were defaulted.

At the time Indictment No. 13512 was called the United States Attorney knew that the defendant Pagliaro had escaped from the United States Marshal and that his whereabouts were unknown.

Since the bringing of this suit said Pagliaro has been apprehended and is now in the custody of the United States Government at the New York City Detention Prison on West Street, New York City.

■ It is possible to deduce from the early cases of Reese v. United States, 9 Wall. 13, 19 L.Ed. 541, and Taylor v. Taintor, 16 Wall. 366, 369, 21 L.Ed. 287, the rule that if the sovereignty to which the recognizance bond is given renders impossible the performance of the obligation, the surety will be absolved from all liability on the bond. Both cases proceed on the theory that when bail is given, the principal is regarded as delivered to the custody of the surety. If the obligee's acts deprive the surety of this custody, it cannot enforce a forfeiture if the principal fails to appear according to the conditions of the recognizance.

In Taylor v. Taintor, supra, it is also said to be settled law that the bail will be exonerated if performance is rendered impossible by an "act of the law." Thus, the liability of the surety is terminated if a governor of the state in which the bond was given responds to a demand from another state for the surrender of the defendant (Taylor v. Taintor, supra), or a court consents to the removal of the defendant to another jurisdiction (Peckham v. Henkel, 216 U.S. 483, 30 S.Ct. 255, 54 L. Ed. 579), or if the principal is charged with a crime in a Federal court and is in jail serving a sentence imposed by another Federal court. In re James, C.C., 18 F. 853; United States v. Petrone, D.C., 19 F. Supp. 704.

■ From these decisions, it is clear that a surety may claim exemption from further liability if the sovereignty whose jurisdiction first attaches surrenders the principal to another sovereignty. The implied custody of the principal by his surety cannot prevent the surrender. Beavers v. Haubert, 198 U.S. 77, 85, 25 S.Ct. 573, 49 L.Ed. 950.

■ The United States indicted Pagliaro for another crime, to which he pleaded guilty, and sentenced him to serve for a stated period in a penitentiary in another state. It thereby took him out of the implied custody of the surety without her consent. By analogy, it must be held that these acts of the United States, not only as obligee of the bond but as the sovereignty first having jurisdiction over the principal, provide the surety with a legal defense against a forfeiture, at least during the period of incarceration. United States v. Petrone, supra.

Pagliaro's escape while in the custody of the Marshal or his deputies cannot affect the liability of the surety. It would not only be a hardship but manifestly unjust to penalize this defendant Vendetti for the negligence of an officer of the United States to whom the custody of the criminal had been lawfully committed. I am not satisfied that the surety should be held responsible for consequences directly flowing from the carelessness of a Federal official.

By the order of the court and the failures of the Marshal in executing it, the surety had been rendered powerless to produce the principal when called. It is agreed that, at the time of the default, the United States Attorney knew of Pagliaro's escape and that his whereabouts were unknown. I am assuming, in the absence of any evidence to the contrary, that it was unknown to the surety as well as to the United States Attorney.

The defendant has filed a motion and from the grounds alleged in it I have assumed that the defendant also seeks the relief afforded by 18 U.S.C.A. § 601, which reads as follows: "§ 601. *Remission of penalty of recognizance*. When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

 There can be no doubt that the pre-requisites to the exercise of the discretion conferred upon the court by this section are all present in the case at bar except possibly a question could be raised respecting the "willful default of the party". While the courts have not always been of one mind regarding the party whose willful default is contemplated by the statute, it seems now to be settled by the great weight of authority in the Circuit Courts of Appeal and by the District Court in this District that the party contemplated is the defendant in the criminal proceedings and not the surety. United States v. Kelleher, 2 Cir., 57 F.2d 684, 84 A.L.R. 14; United States v. American Bonding Co., 9 Cir., 39 F.2d 428; United States v. Vincent, D.C., 10 F.Supp. 489.

In United States v. Petrone, supra, it was held that the fact that the defendant was actually in jail under a sentence of another Federal court was enough to demonstrate that his failure to appear was not willful within the meaning of the statute. Whether the same could be said of a defendant who had escaped from the officials on his way to the penitentiary might be doubtful, but it is not necessary to decide this question in the instant case because, as indicated above, the defendant here has established a good defense to an action upon the recognizance bond.

My conclusion is that the defendant as surety was not liable on the recognizance when Pagliaro defaulted and that the United States is not entitled to recover in this action.

Judgment for the defendant may be entered.