Duncan W. Daugherty, United States Attorney, Huntington, W. Va., for the United States.

H. D. Rollins, Charleston, W. Va., for Summit Fidelity & Insurance Co., petitioner.

## UNITED STATES of America
### v.
### Keener Ken CRAFT.
### Crim. A. No. 8266.

United States District Court
S. D. West Virginia, at Huntington.
June 4, 1958.

HARRY E. WATKINS, District Judge.

Petitioner, Summit Fidelity and Surety Company, has moved this Court to relieve it from liability upon a bail bond which has heretofore been ordered forfeited, and upon which judgment in favor of the United States has been taken. The United States has filed an answer to the petition, and hearings have been held on the matter, from all of which it appears that there is no dispute as to the following facts:

Keener Ken Craft was arrested July 17, 1956, on a charge made against him in this District, and on that date ex-

ecuted a penal bond in the amount of $1,000 with the petitioner as surety, conditioned upon Craft's appearance from time to time in this Court. An indictment for a felony was returned against Craft by the October, 1956, Grand Jury of this Court, and on October 17, 1956, Craft made an appearance in this Court. Craft's attorney was unable to appear here on that date, having been injured in an automobile accident, and Craft's case was continued until December 5, 1956, with the bond continuing in full force and effect. Craft failed to appear in this Court on December 5, 1956, whereupon the bail bond was ordered forfeited. Judgment was entered thereon on May 10, 1957.

On November 20, 1956, Craft was indicted for a felony in the United States District Court for the Eastern District of Michigan, Southern Division, at Detroit, Michigan, on an entirely different offense from that for which he was under indictment in this Court. On December 3, 1956, Craft appeared in the District Court at Detroit, entered a plea of guilty, and was released on bond. At that time, Judge Thomas P. Thornton was apprised of Craft's need to return to West Virginia two days later, but Judge Thornton admonished Craft, in the presence of his attorney, not to leave the Eastern District of Michigan. Judge Thornton advised the Assistant United States Attorney who was handling the case at Detroit that if any repercussions should arise from Craft's failure to appear in West Virginia, the matter should be clarified through the Justice Department in Washington, D. C.

Petitioner urges that since Craft was unable to leave Michigan because of Judge Thornton's action, his failure to appear in Huntington, West Virginia, in this Court on December 5, 1956, was excusable and the forfeiture should be vacated. The United States asserts that since Craft was not incarcerated on the date he was due in this Court, his failure to appear was willful, and that petitioner's evidence fails to establish any valid ground for the remission of the bond forfeiture.

The power of a District Court to set aside or remit a forfeiture is found in Rule 46(f) of the Federal Rules of Criminal Procedure, 18 U.S.C.A.:

> "(1) *Declaration.* If there is a breach of condition of a bond, the district court shall declare a forfeiture of the bail.
>
> "(2) *Setting Aside.* The court may direct that a forfeiture be set aside, upon such conditions as the court may impose, if it appears that justice does not require the enforcement of the forfeiture. * * *
>
> "(4) *Remission.* After entry of such judgment, the court may remit it in whole or in part under the conditions applying to the setting aside of forfeiture in paragraph (2) of this subdivision."

Petitioner cites cases where sureties have been exonerated from forfeiture of bonds when the default is shown to have been caused by an act of God, an act of the obligee, or by an act of law. Petitioner then reasons that this case falls within the second category, in that the United States is the obligee on the bond in question, and the United States (through Judge Thornton) prevented Craft from appearing in this Court. The case nearest in point is United States v. Petrone, D.C.N.J.1939, 19 F.Supp. 704, where it was held that where defendant was in jail under a sentence of a different Federal court, his failure to appear was not willful within the meaning of old 18 U.S.C.A. § 601, the predecessor of the present Rule 46(f). It is to be observed that under old section 601 an essential requisite to remission of a forfeiture was non-willfulness, whereas Rule 46 leaves the matter entirely within the discretion of the court, without mentioning willfulness.

While strictly speaking Craft was not in jail under sentence on the date he was to appear in this Court, his freedom to travel to West Virginia was restricted by a representative of the United States,

the obligee of the bail bond in question here. Craft was admitted to bond in Michigan with an oral condition that he not leave the District there, which is just as effective as if he were in jail. The Assistant District Attorney was told that if the West Virginia charges and bond caused any repercussions the matter should be straightened out through the United States Department of Justice. However, that Assistant United States Attorney thereafter resigned that position and the United States Attorney for the Southern District of West Virginia was unable to learn from the record of the case in Michigan just what had happened, and there was no clarification through the Department of Justice. After a full hearing on the matter in this court, with testimony by Craft's Detroit attorney, the evidence is clear that it was Judge Thornton's admonition which prevented Craft from appearing in this court.

It would be manifestly unfair to allow one federal court to prevent a criminal defendant from appearing in another federal court, and then to forfeit the defendant's bond for his failure to appear. That is what has happened here, and petitioner's motion to be relieved from the forfeiture must be granted. Counsel may prepare an appropriate order.