**CONTINENTAL CASUALTY COMPANY, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 6324.

United States Court of Appeals First Circuit.

Oct. 27, 1964.

Walter J. Hurley, Boston, Mass., with whom Bernard J. Dwyer and Hurley & Dwyer, Boston, Mass., were on brief, for appellant.

William F. Looney, Jr., Asst. U. S. Atty., with whom W. Arthur Garrity, Jr., U. S. Atty., was on brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is a proceeding to forfeit a bail bond because of the non-appearance of the defendant. The defense is that defendant's earlier leaving of the United States with the permission of the court was without the knowledge and assent of the surety. If true, this is a valid defense. Reese v. United States, 1869, 9 Wall. 13, 76 U.S. 13, 19 L.Ed. 541; United States v. Vendetti, D.C.D.Mass., 1940, 33 F.Supp. 34. The court found the facts against the surety, which now appeals. The sole basis of the appeal is that the evidence did not warrant the finding.

The evidence at the forfeiture hearing showed that at the time of his arraignment and plea the defendant, through counsel, asked the court if he might leave the country on business. The court, with the assent of the government, acceded. Present in the courtroom was one Nathan Baker, attorney in fact of the surety, duly authorized to execute bonds on its behalf. As they left the courtroom to go to the clerk's office, Nathan Baker verified with the Assistant U. S. Attorney his understanding that the court had granted the defendant this permission. Nathan thereafter did not go to the clerk's office, but his place was taken by his brother, Charles, another attorney in fact, who thereupon executed the bond. Nothing was said by the Assistant U. S. Attorney to Charles about the court's having granted the defendant leave to depart the jurisdiction, and there was no evidence that Nathan informed Charles of what had taken place.

The court was warranted in finding that Nathan was acting in the course of his employment in this matter, and in effect so found. Hence Nathan's knowledge was to be imputed to his principal prior to the execution of the bond. It is immaterial that Charles, the actual writing agent, may not have known the full facts. Even if the surety's right hand did not know what the left hand had done, the surety knew the actions of both. Sanders v. Magill, 1937, 9 Cal. 2d 145, 153–154, 70 P.2d 159, 163; cf. Sawyer v. Mid-Continent Petroleum Co., 10 Cir., 1956, 236 F.2d 518; Burke v. United States, 1948, 107 Ct.Cl. 106, 67 F.Supp. 827; Restatement, (Second) Agency § 275, especially Comment d. Any other rule would permit fragmentation by a corporate principal that would make business with it impossibly impracticable.

Nathan's connection with this matter was particularly close. If he had executed the bond, as he could have, manifestly the surety would have been bound by his knowledge. It seems apparent that he knew Charles was going to attend to the execution. We see no difference between his arranging for, or at least permitting Charles to do it, and doing it himself.

Judgment will be entered affirming the judgment of the District Court.