COMMONWEALTH *vs.* JAMES POLITANO. April 28, 1976. The defendant
appeals from his conviction for illegal distribution of a Class B con-
trolled substance. His substitute bill of exceptions reveals no error in
the denial of his motion to dismiss the indictment for failure of the
Commonwealth to respond to an order to disclose the identity of "an
informant" where the trial judge, at a pretrial hearing, found as a fact
that the Commonwealth did not know the informant's identity. Contrast
*Commonwealth* v. *Ennis,* 1 Mass. App. Ct. 499, 502-503 (1973); *Roviaro*
v. *United States,* 353 U. S. 53, 56-58 (1957).

*Exceptions overruled.*

*Robert S. Potters* for the defendant.

*D. Lloyd Macdonald,* Assistant District Attorney, for the Common-
wealth.

JOSEPH L. QUINN & others, trustees, *vs.* ARAXIE HINTLIAN & another.
April 28, 1976. There is nothing in the decision which casts doubt on
the validity of the judge's findings (1) that the attorney in question
saw (and even made a tracing of) the registered plan which disclosed
the existence, location and width of the easement running across Lot
172, and (2) that the attorney permitted the respondent to accept a
deed which twice referred to the easement "in a conspicuous manner."
As is now agreed, the attorney's knowledge was properly imputed to
the respondent. *Flynn* v. *Wallace,* 359 Mass. 711, 717 (1971). Accord-
ingly, there was no error in the further (implicit) finding that the re-
spondent had actual notice (see *Mister Donut of America, Inc.* v. *Kemp,*
368 Mass. 220, 222-223 [1975], and cases cited) of the easement or in
the ruling that the respondent was not a purchaser "in good faith"
within the meaning of G. L. c. 185, § 46. *Killam* v. *March,* 316 Mass.
646, 648-651 (1944). *Anderson* v. *DeVries,* 326 Mass. 127, 132 (1950).
*Butler* v. *Haley Greystone Corp.* 347 Mass. 478, 485-486 (1964). The
question of laches has not been argued.

*Decision affirmed.*

*Harvey B. Heafitz* for Araxie Hintlian & another.

*George F. Killgoar* for Joseph L. Quinn & others, trustees.