Irving M. LEVIN, etc., et al.,
Plaintiffs, Appellants,

v.

David R. BERLEY, Defendant, Appellee.

No. 83–1654.

United States Court of Appeals,
First Circuit.

Argued Jan. 6, 1984.

Decided Feb. 24, 1984.

Elizabeth Nevins Mulvey, Boston, Mass., with whom Andrew C. Meyer, Jr., and Lubin & Meyer, Boston, Mass., were on brief, for plaintiffs, appellants.

Edward T. Hinchey, Boston, Mass., with whom Sloane & Walsh, Boston, Mass., was on brief, for defendant, appellee.

Before CAMPBELL, Chief Judge, BREYER, Circuit Judge, and PETTINE,* Senior District Judge.

LEVIN H. CAMPBELL, Chief Judge.

This is an appeal from a judgment of the district court granting defendant's motion for summary judgment. Irving Levin, a resident of Massachusetts, brought this diversity action against attorney David Berley, a Florida resident, in the United States District Court for the District of Massachusetts. Levin charged Berley with malpractice in drawing the will of Levin's deceased wife, Evelyn.

Berley drafted the will in 1972 under instructions to take full advantage of the marital deduction in the federal estate tax law. Evelyn Levin died on December 31, 1975 and plaintiff, as executor of his wife's will, filed a federal estate tax return on October 4, 1976 in which he claimed a marital deduction. In 1978 the IRS contacted Levin questioning the amount of the marital deduction. Attorney Lippman, who represented Levin in administration of the estate, wrote Berley on January 23, 1979, stating, "Mr. Levin has requested that I write you this letter advising you that he plans to hold you accountable for alleged errors made in the will of his wife Evelyn." On March 9, 1979, the IRS sent Levin notice of a $60,000 deficiency in the payment of estate taxes due to the disallowance of the marital deduction claimed on Mrs. Levin's New York stock account. After receiving Lippman's letter and learning of the deficiency notice, Berley told Levin that he would testify before the tax court and that the controversy would be resolved in Levin's favor. On April 9, 1981, the tax court decided in favor of the IRS. This court later affirmed that decision in an unpublished opinion.

Levin filed this action against Berley on October 12, 1982, suing both in his individual capacity and as executor of his wife's will. In addition to malpractice, he alleged a violation of Mass.Gen.Laws ch. 93A, the Massachusetts unfair trade practices act. The district court allowed summary judgment for defendant on the malpractice claim, holding that it was barred by the statute of limitations. It also granted summary judgment for the defendant on the Chapter 93A claim, holding that Levin lacked standing. Levin has appealed from both judgments.

I.

The malpractice claim is governed by Massachusetts law, which provides for a three-year statute of limitations for attor-

ney malpractice. Mass.Gen.Laws ch. 260, § 4. The relevant question is when Levin's malpractice claim "accrued" under the statute of limitations. The district court applied the Massachusetts "discovery rule," which tolls the statute of limitations until a plaintiff knows or reasonably should know that he has been harmed by the defendant's conduct. *Franklin v. Albert,* 381 Mass. 611, 619, 411 N.E.2d 458, 463 (1980). The discovery rule applies to attorney malpractice:

> The attorney, like the doctor, is an expert, and much of his work is done out of the client's view. The client is not an expert; he cannot be expected to recognize professional negligence if he sees it, and he should not be expected to watch over the professional or to retain a second professional to do so. The relation of attorney and client is highly fiduciary in its nature.

*Hendrickson v. Sears,* 365 Mass. 83, 90, 310 N.E.2d 131, 135 (1974); *see also Robertson v. Hirsh,* 276 Mass. 452, 177 N.E. 676 (1931). In *Hendrickson,* the plaintiff sued his attorney in 1971 for failing to uncover an encumbrance in the title to property which the attorney certified in 1961. The plaintiff did not discover the error until 1970 when a prospective purchaser searched the title. The Massachusetts Supreme Judicial Court held that the defect in the certified title was "inherently unknowable" to the client and that the statute of limitations began to run only in 1970 when the error was discovered, not in 1961 when the mistake was made. 365 Mass. at 90–91, 310 N.E.2d at 136. We assume, without deciding, that the faulty language in the will was similarly "inherently unknowable" to the Levins. Nonetheless, Levin knew or should have known of the blunder by at least January 29, 1979 when attorney Lippman sent Berley the letter regarding Mr. Levin's intent to hold Berley responsible for "alleged errors made in the will." Levin denies knowledge of this letter, but a client is charged with the knowledge of his attorney.[1] *Continental Casualty Co. v. United States,* 337 F.2d 602, 603 (1st Cir. 1964); *Quinn v. Hintlin,* 4 Mass.App.Ct. 805, 805, 346 N.E.2d 374, 375 (1976); *cf. Flynn v. Wallace,* 359 Mass. 711, 717, 270 N.E.2d 919, 923 (1971) (knowledge of real estate broker imputed to principal). The March 9, 1979 deficiency notice also put Levin on notice that something had gone seriously awry. The date of suit was well over three years from this later date.

Levin argues that he suffered no injury until the tax court upheld the IRS, since a reversal of the IRS by the tax court would have eliminated any harm. In *Hendrickson v. Sears,* the Supreme Judicial Court of Massachusetts reserved the question "whether the cause of action would accrue on discovery in the absence of appreciable harm." 365 Mass. at 91, 310 N.E.2d at 136. Since then the court has held that "[a] cause of action based on negligence requires that both negligence and harm be shown . . . ," and that therefore a cause of action for negligent design of a ladder did not accrue until plaintiff suffered personal injury. *Cannon v. Sears, Roebuck & Co.,* 374 Mass. 739, 742; 374 N.E.2d 582, 584 (1978). While *Cannon* involved a question of negligent design, it seems likely that Massachusetts would apply a similar rule to legal malpractice claims. *See Fort Myers Seafood Packers, Inc. v. Steptoe & Johnson,* 381 F.2d 261, 262 (D.C.Cir.1967), *cert. denied,* 390 U.S. 946, 88 S.Ct. 1033, 19 L.Ed.2d 1135 (1968); *Bowman v. Abramson,* 545 F.Supp. 227, 231 (E.D.Pa.1982); *Simmons v. Ocean,* 544 F.Supp. 841, 844 (D.V.I.1982); *Mitchell v. Transamerica Insurance Co.,* 551 S.W.2d 586 (Ky.App.1977); *Price v. Holmes,* 198 Kan. 100, 422 P.2d 976 (1967). The Supreme Court of California has said,

> The mere breach of a professional duty, causing only nominal damages, speculative harm, or threat of future harm—not yet realized—does not suffice to create a cause of action for negligence. Hence, until the client suffers appreciable harm

---

1. Notwithstanding Levin's claimed lack of knowledge, we notice a statement in Lippman's letter that an IRS hearing officer had dealt with Levin regarding the challenged marital deduction prior to January 1979.

as a consequence of his attorney's negligence, the client cannot establish a cause of action for malpractice.

*Budd v. Nixen,* 6 Cal.3d 195, 200, 98 Cal. Rptr. 849, 491 P.2d 433, 435 (1971).

The difficult question is what constitutes an injury. Levin argues that his sole injury was the loss of the marital deduction, which was merely speculative until the tax court upheld the IRS. Under his view the cause of action would only have accrued when the tax court's decision established a definite injury. On the facts of this case, however, we cannot accept Levin's contention as to the time of accrual. Once Levin encountered difficulties with the IRS he suffered injury in the form of additional legal fees to ameliorate the harm caused by Berley's error.

Berley's asserted error was plain. Had it not occurred, no special dealings with the IRS would have been anticipated. Berley was not given some pioneering mission which would have resulted in legal proceedings even if responsibly handled. Berley allegedly erred by failing to satisfy a basic requirement set out in the tax law. In the words of the tax court, "Mrs. Levin's will is consistent and unambiguous"; the marital deduction failed because "the New York account was subject to a trust rather than passing outright to Mr. Levin." *See* 26 U.S.C. § 2056(b). Levin would have been entitled to damages for attorney fees and other costs incurred in attempting to save the marital deduction even in the unlikely event he had later snatched victory from defeat in the tax action.[2] *See Royal Crown Cola Bottling Co. v. Aetna Casualty & Surety Co.,* 438 F.Supp. 39, 46 (W.D.Okl.1977) (in malpractice action for attorney's failure to assert statute of limitations defense on behalf of client in a prior suit, damages began to accrue when client was forced to defend prior suit on the merits).

Had Berley been representing Levin or the estate in connection with the IRS assessment of the tax deficiency, our analysis might possibly be different. *See Northwestern National Insurance Co. v. Osborne,* 573 F.Supp. 1045, 1050 (E.D.Ky.1983); *Bowman v. Abramson,* 545 F.Supp. 227, 229 (E.D.Pa.1982); *cf. Siegel v. Kranis,* 29 A.D.2d 477, 288 N.Y.S.2d 831 (1968) (attorney malpractice cause of action only accrues when attorney-client relationship ends). In the present case, however, Berley's representation of Levin ended in 1972, long before the problems with the IRS arose. Thus even were we to accept the principle of delaying accrual of a malpractice cause of action while an attorney attempts to undo his error, that principle is not applicable to this case. When trouble arose, Levin was being represented by independent counsel who knew of the cause of action and could have instituted a suit on Levin's behalf or recommended that Levin seek other counsel to do so.

The total extent of Levin's damages was, to be sure, uncertain prior to final judicial resolution of the tax deficiency. This uncertainty did not, however, delay accrual of Levin's cause of action. The Supreme Judicial Court of Massachusetts has recently held,

> If knowledge of the extent of an injury were to control the accrual of a cause of action, the fixed time period of statutes of limitations effectively would be destroyed. The full extent of injury often is not discoverable for many years after it has been incurred. Under the rule proposed ... there seldom would be a prescribed and predictable period of time after which a claim would be barred.

*Olsen v. Bell Telephone Laboratories, Inc.,* 388 Mass. 171, 175, 445 N.E.2d 609, 612 (1983). In *Olsen,* the plaintiff alleged that he had contracted asthma from exposure to a hazardous chemical and argued that his cause of action only accrued when he discovered the injury was permanent. The Supreme Judicial Court of Massachusetts disagreed and held that Olsen's claim accrued, at the latest, when he discovered appreciable harm. Applying the rule to the

---

**2.** At the hearing on Berley's summary judgment motion, counsel for Levin specifically argued that "attorney's fees to negotiate with the IRS" were an element of damages that could have been recovered even had Levin prevailed before the tax court.

present case, we believe that Levin's cause of action accrued, at the latest, when he was put to appreciable expense in order to justify the marital deduction.

■ Levin seeks to toll the statute of limitations by claiming that Berley's assurances that the tax controversy would be resolved favorably to Levin constituted fraudulent concealment under Mass.Gen. Laws ch. 260, § 12. That statute provides,

> If a person liable to a personal action fraudulently conceals the cause of such action from the knowledge of the person entitled to bring it, the period prior to the discovery of his cause of action by the person so entitled shall be excluded in determining the time limited for the commencement of the action.

Levin knew of Berley's error at least in January 1979 when attorney Lippman sent the accusatory letter. Since Levin had discovered his cause of action by that time, Berley's subsequent assurances do not constitute concealment within the statute. *Connelly v. Bartlett,* 286 Mass. 311, 190 N.E. 799 (1934). There is no evidence that the assurances lulled Levin nor is there any reason they should have done so, the fact of a mistake being capable of verification through independent legal advice. Furthermore, the district court correctly held that Berley was a prospective defendant at the time he made the assurances and was not in a fiduciary relationship with Levin. *Lynch v. Signal Finance Co.,* 367 Mass. 503, 327 N.E.2d 732 (1975).

As Levin's malpractice claim was barred by the three-year statute of limitations, we are obliged to affirm the district court's ruling granting summary judgment to the defendant.

## II.

Levin's claim under Chapter 93A, filed by Levin individually and as executor of his wife's estate, averred that,

defendant, David Berley, has engaged in an unfair and deceptive act and practice by holding himself out as an attorney reasonably skilled in the preparation and drafting of last wills and testaments and codicils thereto, and in his ability to comply with the decedent's wishes and to minimize the tax obligations of her estate.

The relevant statute of limitations for a Chapter 93A claim is four years. Mass.Gen. Laws ch. 260, § 5A. Berley moved for summary judgment on the Chapter 93A claims on the ground the statute of limitations had expired. The district court declined to grant summary judgment on that ground. Berley also moved for summary judgment on Levin's individual Chapter 93A claim for lack of standing. The district court granted summary judgment as to Levin individually *and* in his representative capacity. Plaintiff appeals from the summary judgment on each claim.

■ At the time the cause of action arose, section 9 of Chapter 93A provided for suit by "[a]ny person who purchases or leases goods, services or property . . . ."[3] The district court ruled that Levin was not a purchaser of services within the meaning of section 9. We agree that Levin lacks standing in his individual capacity. The Supreme Judicial Court of Massachusetts has stated, "one who asserts rights under the section must be claiming to be a consumer." *Slaney v. Westwood Auto, Inc.,* 366 Mass. 688, 322 N.E.2d 768 (1975). While Levin argues that he and his wife were joint purchasers of their wills, we do not agree. The second amended complaint states that "the decedent, Evelyn Levin, retained the defendant to draft her last will and testament and codicils thereto. The decedent agreed to pay and did pay the defendant

---

**3.** The standing provisions of section 9 are now more lenient, allowing suit by "[a]ny person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two . . . ." Mass.Gen.Laws ch. 93A, § 9. The new provisions only apply, however, to causes of action arising after October 18, 1979. *Murphy v. Charlestown Savings Bank,* 380 Mass. 738, 405 N.E.2d 954 (1980). Under our analysis in Part I, the cause of action arose at the latest on March 9, 1979, and thus the new provisions do not apply.

for his services." The district court correctly ruled that Levin was not a consumer of services under section 9. He cannot, therefore, maintain a Chapter 93A action.

Levin's claim as executor of his wife's estate is a different story. The district court did not state why it granted summary judgment on this claim. Defendant had moved for summary judgment on the claim only on statute of limitations grounds (which the court rejected), not for lack of standing, and with good reason. Evelyn Levin, being a purchaser of services under section 9, clearly had standing and, if we assume a cause of action under Chapter 93A survives, *infra,* her executor would succeed to that standing. Mass.Gen.Laws ch. 230, § 1. We are thus left with an adverse ruling on the Chapter 93A claim brought by Levin as his wife's executor which the court below did not explain, and which we do not, at this time, fully comprehend.[4]

We do not accept Berley's argument that even if Levin has standing as executor, the Chapter 93A claim is barred by the statute of limitations. The district court rejected this argument, correctly we think. To invoke the four-year statute of limitations Berley contends that the cause of action should have been discovered on October 4, 1976 when the federal estate tax return was filed. The Supreme Judicial Court of Massachusetts has held that a cause of action "accrues" when a plaintiff knows or reasonably should know of the harm caused by a defendant's conduct. *Franklin v. Albert,* 381 Mass. 611, 619, 411 N.E.2d 458, 463 (1980). Viewing the record in the light most favorable to plaintiff, *Santoni v. Federal Deposit Insurance Corp.,* 677 F.2d 174, 177 (1st Cir.1982), we cannot say as a matter of law that Levin knew or should have known of any cause of action on October 4, 1976.[5]

Another argument now raised by Berley is that the cause of action under Chapter 93A belonging to Evelyn Levin did not survive her death. This raises a serious question under Massachusetts law. Another potentially troublesome question is, even assuming survivorship, the measure of Mrs. Levin's damages from Berley's alleged misrepresentation. While the questions of survival of the cause of action and the measure of damages were not raised below, one or both of them will have to be resolved to dispose of the claim. Since those questions were not adequately briefed before this court and are proper matters for initial consideration by the district court, we remand Mrs. Levin's Chapter 93A claim brought by Mr. Levin as executor. The district court should rule upon the above, and any other, germane issues and conduct such further proceedings as it deems appropriate to dispose of the claim.

We affirm the granting of summary judgment on the malpractice claims and on Levin's individual Chapter 93A claim. We vacate the grant of summary judgment on Levin's Chapter 93A claim in his capacity as executor of his wife's estate and we remand for further proceedings.

*Affirmed in part, vacated in part, and remanded.*

---

**4.** Berley claimed at oral argument that Levin's theory of standing as executor was not raised below and thus cannot be considered here. *See Johnston v. Holiday Inns, Inc.,* 595 F.2d 890 (1st Cir.1979). This argument fails for two reasons. First, Levin's counsel stated to the district court that "as the executor of Evelyn Levin's estate, Irving Levin stands in her shoes, and she would definitely be able to maintain a 93A claim ...." Second, Berley never raised lack of standing as a reason for summary judgment on Levin's claim as executor; thus Levin had no real occasion to argue the point.

**5.** *See* Part I, *supra.*