Burnes, J.
INTRODUCTION
This matter is before the Court on the remaining defendant’s motion to dismiss,[3] pursuant to Mass.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment pursuant to Mass.RCiv.P. 56.[4] As the Court has chosen to consider affidavits and exhibits introduced by both parties, it will treat this motion as one for summary judgment.
Plaintiff Richard A. Cormier (Cormier) brings this action for legal malpractice against defendant, Dennis J. Brennan (Brennan), asserting that Brennan failed to adequately defend Cormier during the course of his criminal trial. Brennan moves to dismiss the complaint or in the alternative for summary judgment on the ground that the action is barred by the statute of limitations. For the following reasons, Brennan’s motion is hereby ALLOWED.
BACKGROUND
The following facts, taken from the pleadings and affidavits are uncontroverted.
In 1991, Cormier was arrested and charged with possession of marijuana, possession of cocaine and trafficking in cocaine. Cormier retained then Attorney Dennis J. Brennan to defend him against the criminal charges. At the close of tried, the jury found Cormier guilty of the trafficking charge. He was sentenced to MCI/Cedar Junction on the same day, November 25, 1991. Brennan did not make a written request for a finding of not guilly at the close of all the evidence or after entry of a conviction. An oral request was made and denied by the court. Cormier served a period of fifty-seven months in state prison before his conviction was overturned for insufficiency of evidence in August of 1996.
Brennan became a member of the judiciary on February 12, 1992, as an Associate Justice of the Worcester Division of the District Court Department. Cormier initiated the present action on October 23, 1996.
DISCUSSION
1. Standard of Review
This Court grants summary judgment where there are no genuine issues of material facts and where the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976). The moving party bears the burden of demonstrating affirmatively the absence of a triable issue, and that the summary judgment record entitles the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989).
The issue in this case concerns whether Cormier had sufficient knowledge of both the harm to him and likely cause of such harm to spur him to assert a cause of action against Brennan before the statute of limitations expired. Cormier claims he could not discover the cause of harm until October 27, 1993[5] and that the facts alleged fit within a theory of continuing representation.
II. Statute of Limitations
The statute of limitations for a legal malpractice action is three years. G.L.c. 260, §4. Once a defendant pleads the statute of limitations as a defense, the *6 plaintiff bears the burden of proving that the action was seasonably commenced. Breen v. Burns, 280 Mass. 222, 228 (1932). Generally, a cause of action in tort accrues at the time of the plaintiffs injury. Riley v. Presnell, 409 Mass. 239, 243 (1991). Massachusetts courts, however, have consistently applied the so-called discovery rule in malpractice actions to determine when a cause of action accrues. E.g., Riley, 409 Mass. at 243; Franklin v. Albert, 381 Mass. 611, 617 (1980). Thus, the statute of limitations begins to rim when an injury is no longer “inherently unknowable,” and a reasonably prudent person in the plaintiffs position, reacting to any suspicious circumstances of which he might be aware, should have discovered the harm and its cause. Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990); see also Malaparis v. Shirazi, 21 Mass.App.Ct. 378, 386 (1986). The question of when a plaintiff knew or should have known of his cause of action is generally one of fact, “which in most instances will be decided by the trier of fact." Castillo v. Massachusetts Gen. Hosp. Chelsea Memorial Health Care Ctr., 38 Mass.App.Ct. 513, 516 (1995). The Supreme Judicial Court, however, has stated that “inherent knowability" is not a fact, but rather a conclusion to be drawn from the facts. Melrose Hous. Auth. v. New Hampshire Ins. Co., 402 Mass. 27, 31 n.4 (1988). On an appropriate record, therefore, a court may determine when a cause of action accrued and grant summary judgment on the question of whether a statute of limitations has run. Malapanis v. Shirazi, 21 Mass.App.Ct. at 383.
In the present case, the harm alleged is Cormier’s incarceration on November 25, 1991. Cormier claims his incarceration prevented him from discovering the cause of harm, thus causing him to remain unaware of his rights. “In determining whether a party has sufficient notice of causation, our inquiry is whether, based on the information available to the plaintiff, a reasonably prudent person in the plaintiffs position should have discovered the cause of his or her injuries.” McGuinness v. Cotter, 412 Mass. 617, 628 (1992). Accordingly, he claims the cause of action remained “inherently unknowable" until October 27, 1993 when he learned after appellate arguments that Brennan may have erred in failing to make a written request for a required finding of not guilty.
The malpractice action alleged here, however, is not the type of “inherently unknowable" wrong which would invoke application of the discovery rule. See Hendrickson v. Sears, 365 Mass. 83, 90 (1974) (finding discovery rule applicable where attorney negligently certifies title to real estate); see also Levin v. Berley, 728 F.2d 551, 553 (1st Cir. 1984) (assuming attorney’s faulty drafting of will inherently unknowable). Cormier’s “criminal trial, conviction, and incarceration were ‘events likely to put [him] on notice’ of the alleged wrongs.” Messere v. Murphy, 32 Mass.App.Ct. 917, 918 (1992), quoting Flynn v. Associated Press, 401 Mass. 776, 780 (1988). The inability of Cormier to articulate the legal theory upon which to bring suit until after the statute of limitations had expired does not require the tolling of the limitations statute. See Edwards v. John Hancock Mut. Life Ins. Co., 973 F.2d 1027, 1029-30 (1st Cir. 1992) (finding facts supporting negligence claim existed at time of foreclosure and long before district court deemed foreclosure notices insufficient). Thus, on November 25, 1991, Cormier had knowledge of the harm and sufficient facts to allow him to inquire as to a cause of action. His filing of this suit on October 23, 1996 occurred after the three-year statute of limitations had expired.
III. Continuing Representation
As a way of saving his claim, Cormier points to the doctrine of “continuing representation” as adopted by the Supreme Judicial Court. The doctrine tolls the statute of limitations period applicable to a legal malpractice action “where the attorney in question continues to represent the plaintiffs interests in the matter in question.” Murphy v. Smith, 411 Mass. 133, 137 (1991); see also Hodas v. Sherburne, Powers & Needham, P.C., 938 F.Sup. 58, 59-60 (D.Mass. 1996). The accrual of a malpractice cause of action will be tolled until the representation terminates. Murphy, 411 Mass. at 137.
The doctrine applies where there is a “clear indicia of an ongoing, continuous, developing, and dependent relationship between the client and attorney ...” Schoenrock v. Tappe, 419 N.W.2d 197, 201 (S.D. 1988), quoting Muller v. Struman, 79 A.D.2d 482, 485, 437 N.Y.S.2d 205, 208 (1981); see also Succession of Smith v. Kavanaugh, 565 So.2d 990, 995 (La.Ct.App. 1990) (adopting Tappe court definition of continuous representation). Additionally, the doctrine applies only where the attorney’s involvement after the alleged malpractice is for the same or related service and not merely the continuance of a general professional relationship. Tappe, 419 N.W.2d at 201.
The doctrine is not applicable to the present case. Brennan became a district court judge on February 12, 1992. On that date, Brennan, in accordance with the prohibitions on his judicial office, could no longer represent Cormier. Thus, the latest date on which Brennan - could have acted to represent Cormier’s interests was in 1992 and Cormier had three years from that date in which to assert his claim.[6] He failed to do so.
Cormier adds one final twist to the doctrine of continuing representation in claiming that a partnership existed between Brennan and Deren, the attorney who represented Cormier on appeal. Cormier argues that Deren acted to cover for any alleged malpractice on the part of Brennan. Accordingly, he asserts that the continuing representation should still apply even after Brennan’s appointment.
Even if the doctrine would toll the limitations statute in such an instance,[7] Cormier has failed to assert facts which establish that a genuine issue of material *7 fact exists as to whether a partnership by estoppel existed.[8] To establish that a partnership by estoppel exists a plaintiff must prove: (1) that the would-be partner has held himself out as a partner; (2) that such holding out was done by the defendant directly or with his consent; (3) that the plaintiff had knowledge of such holding out; and (4) that the plaintiff relied on the ostensible partnership to his prejudice. Atlas Tack Corp. v. DiMasi, 37 Mass.App.Ct. 66, 68 (1994); Brown v. Gerstein, 17 Mass.App.Ct. 558, 571 (1984); see also G.L.c. 108A, §16 (codifying common law doctrine of partnership by estoppel). Failure to establish any of these requirements precludes recovery on an estoppel theory. Brown, 17 Mass.App.Ct. at 571.
In his answers to Brennan’s interrogatories, Cormier states that Brennan recommended Deren because Deren had done some work on hjs case at the trial level and that Brennan would work “hand in hand” with Deren throughout the appeal process. Continuing, he states it was “[his] understanding” that Brennan and Deren were partners. Brennan, in his affidavit, denies any existence of a partnership between himself and Deren. No other facts exist in which the satisfy the first two prongs of the test that the defendant held himself out as a partner and that such holding out was done by the defendant directly or with his consent. Accordingly, the doctrine of continuing representation does not apply beyond the time of Brennan’s appointment to the Bench on February 12, 1992.
ORDER
For the foregoing reasons, it is hearby ORDERED that the defendant’s motion for summary judgment is ALLOWED.

The Worcester Superior Court (Neel, J.) dismissed the complaint against the executrix, Ms. Deren, for lack of personal jurisdiction on June 12, 1997.

The Court has ALLOWED and considered Plaintiffs Motion to File Supplemental Opposition.

On this date, Cormier claims he was made aware of Brennan’s alleged malpractice because of an Appeals Court justice’s comments during appellate arguments.

At oral argument, the attorney for Cormier conceded that Cormier knew or likely knew before Brennan’s appointment that their attorney-client relationship terminated because Deren took the case for appeal around the time of Brennan’s nomination.

In considering whether the doctrine of continuing representation applies, courts have analyzed the conduct of the allegedly negligent attorney or attorneys to determine whether that same attorney or attorneys continued to represent the plaintiff and thus lull the plaintiff into allowing the limitations period to lapse. See, e.g., Succession of Smith, 565 So.2d at 995 (analyzing conduct and communications between plaintiff and defendant attorneys responsible for plaintiffs injuries); Spillios, 38 Mass.App.Ct. at 341 (analyzing negligent attorney’s continuing representation of plaintiff in divorce action); Schoenrock, 419 N.W.2d at 201-02 (analyzing last communications and comments made between plaintiff and negligent attorney).

There is no evidence that Brennan and Deren were members of an actual partnership.