Tucker, Richard T., J.
Plaintiff, Rafael Corona, filed a civil complaint alleging that the defendants committed a violation of his constitutional rights (Count I), false arrest (Count II), and unlawful search and seizure (Count III). All these claims arise out of or are related to the plaintiffs arrest by members of the Milford Massachusetts police force on December 28, 2002. In his complaint, the plaintiff seeks money damages for the violation of his rights.
The defendants responded by filing the instant motion to dismiss under Mass.R.Civ.P. 12(b)(6).
On April 7, 2009 this Court held a hearing upon this motion at which time counsel for all parties were heard, and, each submitted memoranda of fact and law.
After considering the arguments of counsel and reviewing the pleadings and memoranda submitted I find and rule as follows.
Applicable Standard
A motion to dismiss or for judgment on the pleadings, by its very nature, “argues that the complaint (or counterclaim) fails to state a claim upon which relief can be granted.” Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion the allegations of the Complaint, as well as such inferences as may be drawn therefrom in the plaintiffs favor are to be taken as true. Nader v. Citron, 372 Mass. 96, 98 (1977). In pleading his case, however, a plaintiff may not assert legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). “While a complaint attacked by a . . . motion to dismiss does not need detailed factual allegations ... a plaintiffs obligation to provide the ‘grounds’ of his entitlement to relief required more than labels and conclusions... Factual allegations must be enough to raise a right to relief above the speculative level... [based] on the assumption that all the allegations in the complaint are true (even if doubtful in fact)...” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007). In short, a Complaint, or in this case a counterclaim, must contain to prevent a motion to dismiss, “allegations plausibly suggesting (not merely consistent with) an entitlement to relief.” Id.
FINDINGS OF FACT
I find as fact the following averments made by plaintiff in his complaint.
On or about December 28, 2002 the plaintiff was arrested and charged by the defendant Police Officer Thomas Testa with operating a motor vehicle under the influence of alcohol in a public way and the possession of a Class D substance, i.e. marijuana. The arrest occurred in the plaintiffs driveway of his home in Milford, Massachusetts and the Class D substance was alleged to have been found in an ashtray within the plaintiffs vehicle. This substance was found during a warrantless search which was justified, according to the defendants, as an inventory search immediately following the plaintiffs arrest.
At trial on March 17, 2004 the plaintiff was acquitted of operating his vehicle while under the influence of alcohol but was convicted of possession of a Class D substance.
The plaintiff filed a motion for a new trial on April 14, 2004 which motion was heard on December 6, 2006. At the conclusion of the hearing the Court allowed the motion for a new trial and thereafter dismissed the charge of possession of a Class D substance.
On December 3, 2007 the plaintiff caused to be mailed to the defendant, Town of Milford, a formal “presentment” letter pursuant to M.G.L.c. 258. The defendant, Town of Milford, failed or chose not to respond to said presentment.
The instant complaint seeking damages for violation of the rights set forth above was filed on October 23,2008.
DISCUSSION
The defendants argue in their motion that the applicable statutes of limitation governing plaintiffs claims, G.L.c. 260, §3A and G.L.c. 260, §5B, provide for a limitation period of three years following the date of the accrual of the cause of action. Defendants further argue that claims against the Commonwealth or municipality require a written presentment of claim to be sent to the public employer within two years from the date that the cause of action arose. G.L.c. 258, §4. Unlike the running of statutes of limitation which can be suspended or tolled for certain periods of time as set forth by statute, the two-year presentment period under c. 258 is more strictly enforced and is not similarly tolled. See e.g., George v. Saugus, 394 Mass. 40, 44 (1985) (late presentment not permissible even though statute of limitation would be tolled during plaintiffs minority); Heck v. Commonwealth, 397 Mass. 336 (1986) (presentment period not tolled by plaintiffs mental incompetence). The plaintiff argues to both arguments raised by the defendant that his complaint was not timely brought under the applicable statutes of limitation nor under the presentment period under G.L.c. 258 that he was not able to discover the wrong that had been done to him until the case was dismissed on December 6, 2006. Under such a “discovery rule” analysis the Massachusetts Courts will attempt to ascertain when a cause of action accrues by the claimant or at the point when the claimant knew or should have known he had been harmed. Koe v. Mercer, 450 Mass. 97, 101 (2007). Application of this tolling rule is appropriate where the *419 claim asserted is inherently unknowable and thus a claimant should not be charged during this period for failing to take appropriate action. Riley v. Presnell, 409 Mass. 239, 240 (1991); Melrose Housing Authority v. New Hampshire Insurance Co., 402 Mass. 27, 31 n.4 (1988). The discovery rule tolling concept applies equally to issues of presentment as well as limitation periods. Krasnow v. Allen, 29 Mass.App.Ct. 562 (1990). Plaintiff attempts to trigger the operation of the discovery rule to toll both the limitation and presentment periods by his statement that he “did not know why he had been harmed or what the cause of the harm was until the charges against him had been dismissed on December 6, 2006.”[1]
“For purposes of the discovery rule ... it is the facts underlying the claim that must be inherently unknowable, not the fact of a breach of duty or the legal theory for the cause of action.” Guertin v. McAvoy, 19 Mass. L. Rptr. 194 (Mass.Super. March 7, 2005), citing Gore v. Daniel O’Connell’s Sons, Inc., 17 Mass.App.Ct. 645, 647 (1984). Cases presenting such inherently unknowable harm typically involve either a latent defect or active concealment. Zampell v. Consolidated Freightways Corp., 15 Mass.App.Ct. 954, 954 (1983). In contrast, later discovery or articulation of a legal argument does not allow a plaintiff to invoke the discovery rule. See, e.g., id.; Cormier v. Deren, 8 Mass. L. Rptr. 5 (Mass.Super. Nov. 5, 1997), citing Edwards v. John Hancock Mut. Life Ins. Co., 973 F.2d 1027, 1029-30 (1st Cir. 1992). Where a plaintiff merely alleges that he did not know the legal theory forming the basis of his claim, Massachusetts courts have ruled upon this issue as a matter of law. See Cormier, 8 Mass. L. Rptr. at 10 (allowing summary judgment where plaintiff had knowledge of the facts but not the applicable law).
The plaintiff knew as a matter of law that he had been harmed at the time of his arrest in December of 2002. He continued to protest the invalidity of the inventory search and of his innocence to all charges thereafter. The dismissal of charges in 2007 cannot be said to have informed plaintiff at that time of the harm that had been committed. Instead the dismissal of the charges confirmed the position that plaintiff had taken since his arrest in 2002, that the charges against him were in error and that the controlled substances seized were the fruit of an unconstitutional search of his vehicle. Far from being inherently unknowable until the dismissal of charges, all claims that the plaintiff brought in his complaint filed in 2008 were known, or should have been known to him at the time of his initial arrest in 2002.
Accordingly, I find that plaintiffs complaint has not been brought within the three-year applicable limitations period. Additionally, his claims were not preceded by the delivery of a written presentment to the municipality within two years of the accrual of the cause of action. Therefore, the defendant’s motion to dismiss the complaint under Mass.R.Civ.P. 12(b)(6) is ALLOWED.

In another portion of the plaintiffs memorandum in support of opposition to the defendant’s motion to dismiss it is stated that “the plaintiff certainly knew he had been harmed at the time of arrest, but no objectively reasonable person would expect him to have known that he had been harmed as alleged in his complaint until such time as his conviction . . . was overturned by the Court...”