USCA1 Opinion

 

 September 4, 1992 UNITED STATES COURT OF APPEALS September 4, 1992 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT ____________________ ____________________ No. 91-2317 No. 91-2317 A. GREER EDWARDS, JR., A. GREER EDWARDS, JR., Plaintiff, Appellant, Plaintiff, Appellant, v. v. JOHN HANCOCK MUTUAL LIFE JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY, INSURANCE COMPANY, Defendant, Appellee. Defendant, Appellee. ____________________ ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ ____________________ Before Before Breyer, Chief Circuit Judge, Breyer, Chief Circuit Judge, ___________________ Cyr, Circuit Judge, Cyr, Circuit Judge, _____________ and Fust ,* District Judge. and Fust ,* District Judge. ______________ ____________________ ____________________ Maria L. Sveikauskas for appellant. Maria L. Sveikauskas for appellant. ____________________ Edward S. Rooney, Jr., with whom Lyne, Woodworth & Evarts was on Edward S. Rooney, Jr., with whom Lyne, Woodworth & Evarts was on _______________________ _________________________ brief, for appellee. brief, for appellee. ____________________ ____________________ ____________________ ____________________ *Of the District of Puerto Rico, sitting by designation. *Of the District of Puerto Rico, sitting by designation. CYR, Circuit Judge. Plaintiff A. Greer Edwards, Jr., CYR, Circuit Judge. ______________ appeals a district court judgment dismissing his action against John Hancock Mutual Life Insurance Company [hereinafter "Hancock"] to recover damages allegedly caused by an underinclusive property description in the notices of foreclosure sale relating to certain Nevada ranch properties. Count I of the complaint, a negligence claim, was dismissed as time-barred. The breach of contract claim in count II was dismissed on the grounds that Hancock had assumed no contractual obligation with respect to the foreclosure sale and that the trustees under the Nevada deeds of trust were not Hancock's agents. I I BACKGROUND BACKGROUND __________ As these claims were dismissed pursuant to Fed. R. Civ. P. 12(b)(6), we review the order of dismissal de novo, Garita __ ____ ______ Hotel Ltd., Partnership v. Ponce Federal Bank, 958 F.2d 15, 17 ________________________ ___________________ (1st Cir. 1992); McCoy v. Massachusetts Institute of Technology, _____ _____________________________________ 950 F.2d 13, 15 (1st Cir. 1991), accepting all well-pleaded allegations in the complaint and drawing all reasonable inferences in favor of the plaintiff, see Dartmouth Review v. ___ _________________ Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989). According to _________________ the complaint, during 1975 and 1976 Hancock loaned approximately $1,000,000 to a general partnership in which Edwards remains the only interested partner. The Hancock loans were secured by first 2 deeds of trust on two Nevada ranch properties owned by the partnership. Farmers Home Administration later extended loans secured by second deeds of trust on the same properties. The partnership defaulted on its loan obligations to Hancock, which instituted foreclosure proceedings in July 1985. The notices of the foreclosure sale specifically excluded mineral, oil and gas rights from the property interests to be sold at public auction. At the auction, Farmers Home Administra- tion, the only bidder, acquired both ranch properties for approximately $1,232,000. Freeport-McMoran Gold Company had "expressed great interest" in acquiring the properties and was in attendance at the auction, but refrained from bidding due to the mineral rights exclusion. After paying Hancock approximately $1,250,000 to release its interest in the ranch properties, Farmers Home Administration instituted an action against Edwards in the United States District Court for the District of Nevada to recover a deficiency approximating $600,000. On January 5, 1988, the Nevada federal district court ruled the foreclosure sale invalid on the ground that the notices of sale violated the Nevada foreclosure statutes by excluding the mineral, oil and gas rights. Farmers Home Administration subsequently transferred its interest in the ranch properties to Edwards for $400,000. The present action was instituted by Edwards in Suffolk Superior Court on January 2, 1991, and promptly removed by Hancock to the United States District Court for the District of 3 Massachusetts. The district court dismissed the negligence claim as time-barred under the three-year Massachusetts statute of limitations. It dismissed the breach of contract claim as well, but with leave to amend. Later, the amended breach of contract claim was dismissed, with prejudice, and this appeal followed. II II DISCUSSION DISCUSSION __________ A. Negligence Claim A. Negligence Claim ________________ Edwards does not contest the district court ruling that count I alleged a negligence claim subject to the three-year limitations period in Mass. Gen. Laws ch. 260, 2A, commencing at the time of the discovery of the injury to the plaintiff. See ___ Joseph A. Fortin Constr. Inc. v. Massachusetts Housing Finance _______________________________ ______________________________ Agency, 392 Mass. 440, 442, 466 N.E.2d 514, 515 (1984) (cause of ______ action in tort accrues upon happening of event likely to put plaintiff on notice that it has been injured). The district court ruled that the cause of action for negligence accrued not later than the foreclosure sale in July 1985. Edwards counters on appeal that the cause of action accrued on January 5, 1988, when the Nevada federal district court ruled the notice of foreclosure sale invalid under Nevada law. Prior to that time, Edwards contends, his cause of action was "inherently unknowable" within the meaning of the Massachusetts discovery rule. 4 Hendrickson v.Sears, 365 Mass. 83,85, 310 N.E. 2d131, 132 (1974). ___________ _____ A cause of action for an inherently unknowable wrong does not accrue under the Massachusetts discovery rule until the facts which gave rise to the cause of action, as distinguished from the legal theory, either became known or should have become known to the injured party in the exercise of reasonable diligence. Catrone v. Thoroughbred Racing Asso., 929 F.2d 881, _______ _________________________ 885 (1st Cir. 1991) (citing cases). Edwards admits that he was aware, at the time of the foreclosure sale, that the notices of sale "except[ed] therefrom all mineral, oil and gas rights on the property hereinabove described, said rights forming no part of this guarantee." He contends, however, that the quoted language is ambiguous as to whether mineral rights were excluded from the foreclosure sale or simply excepted from the disclaimer of coverage under the title guarantee. If the latter interpretation were intended, Edwards argues, he would have had no cause of action until the Nevada federal district court ruled the notices of sale underinclusive. We cannot agree that any ambiguity in the exclusionary language in the notices of sale affected the accrual of the cause of action for purposes of the Massachusetts discovery rule. Even assuming the notices of sale were ambiguous, Edwards nonetheless was aware of sufficient facts to alert a reasonable person to the potential negligence claim no later than the time of the foreclosure sale. Under Massachusetts law, a cause of action accrues when a reasonable person, in the exercise of due 5 diligence, "would have discovered the damage." Riley v. _____ Presnell, 409 Mass. 239, 245, 565 N.E.2d 780, 786 (1991); see ________ ___ also Malapanis v. Shirazi, 21 Mass. App. Ct. 378, 383, 487 N.E.2d ____ _________ _______ 533, 537 (1986) (limitations period begins when reasonably prudent person "reacting to any suspicious circumstances of which he might have been aware . . . should have discovered that he had ______ ____ __________ been harmed") (emphasis added); Fidler v. Eastman Kodak Co., 714 ______ _________________ F.2d 192, 199 (1st Cir. 1983) ("notice of likely cause is ordinarily enough to start the statute running") (applying Massachusetts law). "The controlling question is whether a plaintiff's knowledge, actual or attributed, of both harm to [him] and the likely cause of such harm, was sufficient to stimulate further inquiry which was likely to alert [him] to a cause of action against a defendant." Hanson Housing Auth. v. _____________________ Dryvit System, Inc., 29 Mass. App. Ct. 440, 446, 560 N.E.2d 1290, ___________________ 1294 (1990), review den., 409 Mass. 1101, 565 N.E.2d 792 (1991). ______ ____ Edwards does not deny notice of the foreclosure sale. Moreover, during the Nevada federal district court action in 1986, Edwards apparently raised the invalidity of the notices of sale under the Nevada statute as a defense to the Farmers Home Administration deficiency claim. Thus, long before January 1988, Edwards plainly was on notice of facts sufficient to lead a reasonable person to believe that the exclusion of mineral rights in the notices of sale may have harmed him.1 ____________________ 1The deeds of trust and the opinion of the Nevada federal district court were attached to the complaint. The consideration given these documents in the court below did not convert the Rule 12(b)(6) motion 6 Without rendering the limitations period nugatory, accrual of a cause of action cannot await a judicial determination that a legal basis exists for the action. See ___ Whitcomb v. Pension Dev. Co., 808 F.2d 167, 170 (1st Cir. 1986) ________ _________________ (claims against insurer, stemming from erroneous tax advice, accrued no later than receipt of notification of IRS position, rather than receipt of notice of tax deficiency or date of Tax Court decision) (applying Massachusetts law); White v. Peabody _____ _______ Constr. Co., 386 Mass. 121, 129-30, 434 N.E.2d 1015, 1022 (1982) ____________ (cause of action accrued when claimants learned they had sustained harm from leaky roof, not when administrative agency determined cause of leak); Salin v. Shalgian, 18 Mass. App. Ct. _____ ________ 467, 469, 467 N.E.2d 475, 477 (1984) (negligent title- certification claim accrued when real estate purchasers filed answer in action brought by neighbors alleging misrepresentations in certificate of title, not when Land Court entered judgment in favor of neighbors). The negligence claim is time-barred. B. Breach of Contract Claim B. Breach of Contract Claim ________________________ The breach of contract claim was dismissed on the ground that Edwards did not allege sufficient facts to support reasonable inferences that Hancock breached an agreement with ____________________ into a motion for summary judgment. See Sullivan v. United States, ___ ________ _____________ 788 F.2d 813, 815 n.3 (1st Cir. 1986) (material submitted as part of the complaint properly considered on motion to dismiss); see also ___ ____ James W. Moore, 2A Moore's Federal Practice 12.07 [2.-5] at 12-68 _________________________ (on motion to dismiss, "material which is submitted as part of the complaint, as well as certain items in the record and the public record, may be considered by the court") (footnotes omitted). 7 Edwards or that the trustees under the deeds of trust were acting as Hancock's agents in providing the underinclusive notices of sale. On appeal, Edwards challenges the agency ruling alone. In Nevada, real estate mortgage deeds take the form of deeds of trust. Essentially, the encumbered property is conveyed by the mortgagor (variously referred to in the deed of trust as the trustor, grantor or borrower) to the trustee, a title company, as security for repayment of the loan from the mortgagee (the beneficiary or lender). See Nev. Rev. Stat. 107 (deeds of ___ trust). The default and sale provisions in a Nevada deed of trust are regulated by statute. See id. 107.080 (trustee's ___ ___ power of sale; required notices); 107.090 (filing of notice of default and sale); 21.130 (notice of sale must "particularly describe the property" to be sold). The deed of trust establishes the rights and responsibilities of the parties and prescribes certain duties to be performed by the trustees. The complaint sufficiently alleges that the notices of sale were underinclusive due to their exception of mineral, oil and gas rights in violation of Nevada law, which requires that the notice of sale of the foreclosed properties "particularly describ[e] the property" to be sold. Nev. Rev. Stat. 21.130; see Turner v. Dewco Services, Inc., 87 Nev. 14, 479 P.2d 462, 465 ___ ______ ____________________ (1971) (intent of statute is "to give notice of the sale of the premises to possible third-party buyers"). The complaint further alleges that Edwards sustained damages as a consequence of the underinclusive notices of sale, particularly since Freeport- 8 McMoran Gold Company, which "expressed great interest" in acquiring the mineral rights, did not bid at the auction sale upon learning that the mineral rights were excluded. The deeds of trust required that the trustee give notice of sale "as then required by law." See infra note 2 & p. ___ _____ 12. Nevada law, see Nev. Rev. Stat. 107.080(4), requires ___ notice of sale to be given "in the manner . . . required by law for the sale . . . . of real property upon execution." See infra ___ _____ note 3. Under Nev. Rev. Stat. 21.130(1)(c)(2), governing real estate execution sales, the notice of sale must "particularly describ[e] the property" to be sold. The second amended complaint, on the other hand, expressly alleges that, "[i]n its notice of sale, the trustee, acting under the direction of Hancock, specifically excepted ______ _____ ___ _________ __ _______ the[] [mineral] rights." (Emphasis added.) Additionally, as the complaint further alleges, Hancock is empowered under the deeds of trust (apparently in its unrestricted discretion) to appoint replacement trustees. See infra note 4. ___ _____ Under the Restatement (Second) of Agency, a trustee will be considered the agent of the beneficiary under a trust agreement if the trustee is subject to the control of the beneficiary, rather than the terms of the agreement. See ___ Restatement (Second) of Agency 14B (comment f.) ("An agent acts for and on behalf of his principal and subject to his control; a trustee who is not an agent is not subject to the control of the beneficiaries . . . The agent owes a duty of obedience to his 9 principal; a trustee is under a duty to conform to the terms of the trust."); see also Hunter Mining Laboratories, Inc. v. ___ ____ __________________________________ Management Assistance, Inc., 104 Nev. 568, 763 P.2d 350, 351 ____________________________ (1988) (citing Restatement (Second) of Agency 14); Restatement (Second) of Trusts 8 (comment b.) (same). Whether a trustee is an agent depends also on the quantum of control the trust agreement places in the party for whose benefit the trustee is to act and, in doubtful cases, on the control in fact exercised. Hunter Mining Laboratories, 763 P.2d at 351 ("In an agency ____________________________ relationship, the principal possesses the right to control the agent's conduct.") (citing Restatement (Second) of Agency 14). The district court dismissed the second amended complaint on the ground that Edwards relied "solely on specific paragraphs" of the deeds of trust as support for the claim that the trustees acted as Hancock's agents in providing the underinclusive notices of sale. The court considered it especially significant that paragraph 8 of the 1975 deed2 "describes the trustee, not [Hancock], as the party that is to conform the notice of sale to the requirements of law."3 ____________________ 2The deed of trust provision quoted in the text, see infra p. 12, ___ _____ is contained in 8 of the 1975 deed of trust. Covenant No. 6 in the 1976 deed of trust is similar. As concerns the notice of sale, Covenant No. 6 provides: The trustees shall first give notice of the time and place of such sale, in the manner provided by the laws of this state for the sale of real property under execution . . . . 3Although Nevada law makes it the duty of the trustee to give notice of the time and place of sale, see Nev. Rev. Stat. 107.080(4) ___ ("The trustee . . . shall . . . before the making of the sale, give notice of the time and place thereof in the manner and for a time not __ ___ ______ 10 Significantly, it does not appear that the district court considered 15 of the second amended complaint, which explicitly alleges that, "[i]n its notice of sale, the trustee, acting under the direction of Hancock, specifically excepted the[] [mineral] rights" from the property to be sold at foreclosure. Nor did the court advert to the allegation in the second amended complaint that the deeds of trust grant Hancock unlimited power to replace the trustees. ____________________ less than that required by law for the sale or sales of real property ________ __ ___ ___ ___ ____ __ _____ __ ____ ________ upon execution") (emphasis added), the statute does not expressly ____ _________ place with the trustee the duty or power to prepare the property description or to determine its content. In pertinent part, the Nevada statute governing the manner of giving notice of the time and place of a sale of real property upon execution merely states: Before the sale of property on execution, notice of the sale . . . must be given as follows: . . . . (c) in case of real property, by: (1) Personal service upon each judgment debtor or by registered mail to the last known address of each judgment debtor; (2) Posting a similar notice particularly describing ____________ __________ the property . . . . ___ ________ Nev. Rev. Stat. 21.130(1)(c) (emphasis added). The silence of the execution statute as to the placement of the duty to describe the property to be sold appears in sharp contrast to the context of 8 of the 1975 deed of trust. In the event of Edwards's default, 8 plainly vests in Hancock the discretionary power to deliver "written notice of default and of election to cause said property [i.e., the property described in the deed of trust] to ____ ________ ____ be sold, which notice Trustee shall cause to be filed for record . . . ." It seems a reasonable inference from 8 that the property description contained in the "election to cause said property to be ____ ________ sold," as given by Hancock, normally would determine the property description included in the notice of sale. 11 Paragraph 8 of the 1975 Deed of Trust provides: Trustor [Edwards] promises and agrees: 8. That upon default by Trustor in payment of any indebtedness secured hereby or in per- formance of any agreement hereunder, Benefi- ciary [Hancock] may deliver a written notice of default and of election to cause said property to be sold, which notice Trustee shall cause to be filed for record, and Bene- ficiary [Hancock] may also declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default. After the lapse of such time as may _____ then be required by law following the recordation of said Notice of Default, and ___________ __ ____ ______ __ _______ ___ notice of sale having been given as then ______ __ ____ ______ ____ _____ __ ____ required by law, Trustee, without demand on ________ __ ___ _______ Trustor, shall sell said property at time and _____ ____ ____ ________ place fixed by it in said Notice of Sale, either as a whole or in separate parcels, and in such order as Beneficiary [Hancock] may determine, subject to any statutory right which Trustor may have to direct such order, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. (Emphasis added.) Thus, while the deeds of trust require that notice of sale be given as required under Nevada law, the power to determine whether to declare a default and to elect to sell "said property," as well as the "order of sale," is expressly reserved to Hancock. Second, as our attention has been invited to no provision, either in the deeds of trust4 or in Nevada law, which ____________________ 4The 1975 deed provides: That the Beneficiary hereunder may, from time to time, appoint another trustee or trustees to execute the trusts hereby created. The 1976 deed provides: 12 would inhibit the beneficiary's power to replace the incumbent trustees, we must assume there were no such limitations on Hancock's power.5 Third, as we have said, the complaint alleges not only that the deeds of trust entitled Hancock to direct and control the trustees but that Hancock "did direct and control [them] in all [their] actions," most pertinently by excepting the mineral rights from the property to be sold. Crediting these allegations in the light most favorable to Edwards, as we must for present purposes,6 we can only conclude that the trustees acted as Hancock's agents in providing potential purchasers notably Freeport-McMoran Gold Company underinclusive notices of sale which did not particularly describe the property covered by the deeds of trust as required under Nevada law and the deeds of trust. Thus, the allegations in the second amended complaint presently compel the conclusion not only that the trustees did not owe allegiance to the terms of the deeds of trust, see Hunter Mining Laboratories, 763 P.2d at ___ __________________________ 351 (citing Restatement (Second) of Agency 14; Restatement ____________________ That the beneficiary or his assigns, may, from time to time, appoint another trustee, or trustees, to execute the trust created by the deed of trust or other conveyance in trust. 5Hancock's unrestricted power to replace the trustees would appear to be a significant factor in determining its right to control the trustees. See Hunter Mining Laboratories, 763 P.2d at 351 ("In an ___ ___________________________ agency relationship, the principal possesses the right to control the agent's conduct.") (citing Restatement (Second) of Agency 14). 6Feinstein v. Resolution Trust Corp., 942 F.2d 34, 37 (1st Cir. _________ _______________________ 1991) (under Rule 12(b)(6) jurisprudence, complaint must be given "a highly deferential reading"); Correa-Martinez v. Arrillaga-Belendez, _______________ __________________ 903 F.2d 49, 52 (1st Cir. 1990) (same). 13 (Second) of Trusts 8 (comment b.)), but that they acted "under the direction of Hancock," see id., which possessed the ultimate ___ ___ power to replace them. See Restatement (Second) of Agency 14B ___ (comment f.) (an agency relationship may be established not only by the "amount of control agreed to be exercised" but "in doubtful situations, upon the amount of control in fact exer- cised."). In sum, Hancock's unlimited power to replace the trustees, combined with its direction of the trustees in "specifically except[ing] the[] [mineral] rights" from the property descriptions included in the notices of sale, precluded summary judgment on appellant's agency claim. See, e.g., In re ___ ____ _____ Lane, 937 F.2d 694, 699 (1st Cir. 1991) (vacating dismissal order ____ on ground complaint "distinctly state[d] a minimally sufficient . . . claim"). The district court judgment dismissing the negligence _______________________________________________________ claim is affirmed; the dismissal of the contract claim based on _________________________________________________________________ agency is vacated and the case is remanded for further _________________________________________________________________ proceedings. The parties shall bear their own costs. ____________________________________________________ 14