4 F.3d 982
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Philip WATERS, Plaintiff, Appellant,
v.
Kim GADDY, et al., Defendants, Appellees.
 No. 93-1208.
 United States Court of Appeals,
First Circuit.
 Sept. 7, 1993.
 
 Appeal from the United States District Court for the District of Massachusetts
 Philip Waters on brief pro se.
 Albert W. Wallis, Corporation Counsel, Kevin S. McDermott, Assistant Corporation Counsel, and Roberta James, Assistant Corporation Counsel, on brief for appellees Kim Gaddy, Dino Gonzales, John Kelly and Leo Ronan.
 Scott Harshbarger, Attorney General, and Neil S. Tassel, Assistant Attorney General, on brief for appellee Assistant District Attorney James Larkin.
 D.Mass.
 AFFIRMED.
 Before Selya, Boudin and Stahl, Circuit Judges.
 PER CURIAM.
 
 
 1
 Pro-se appellant Philip Waters appeals the district court dismissal of his claims to have been injured in violation of state and federal civil rights laws, as well as of state tort law. The injuries are alleged to have stemmed from a conspiracy on the part of police officers, an unidentified witness, and the prosecuting assistant district attorney to secure Waters' conviction through false testimony. The district court dismissed the claims as time-barred. We affirm.
 
 
 2
 In June 1987, Waters was tried and convicted of arson and assault to commit murder in connection with a fire the previous year in Dorchester, Massachusetts. During the trial, appellee officers testified that they either dispatched or heard the name and description of Waters as the suspect of the arson. Appellee Larkin was the prosecuting attorney. On October 6, 1987, Waters obtained a written transcript of police and fire department communication logs concerning the Dorchester fire. After examining the transcript, Waters concluded that the police officers had perjured themselves at this trial.[1] In August 1990, he filed a motion for a new trial in state court on the basis of this alleged perjury.[2]
 
 
 3
 The instant suit was commenced on August 26, 1992, in the Middlesex County Superior Court, after Waters had obtained am audio transmission of the police and fire department communications on the night of the arson. Liberally construed, the suit alleges violations of state and federal civil rights laws, M.G.L. c.12, Sec. 11I; 42 U.S.C. Sec. 1981 et. seq., and other tortious conduct by police officers, an unidentified bystander and the prosecuting attorney. Waters sought declaratory, injunctive and damage relief. On October 15, 1992, appellee Gaddy removed the suit to the District Court for the District of Massachusetts, pursuant to 28 U.S.C. Sec. 1441(b). The court granted the motion to dismiss of appellee officers on the ground that "the action was filed after the statute of limitations had run." The motion to dismiss of appellee Assistant District Attorney Larkin was granted on the grounds that he possessed absolute immunity from suit and that the statute of limitations had run. This appeal followed.
 
 
 4
 Each of Waters' claims is subject to a three year statute of limitations. Massachusetts law provides that both actions arising out of alleged violations of civil rights, M.G.L. c.260, Sec. 5B, and actions sounding in tort, M.G.L. c.260, Sec. 2A, must be commenced within three years next after the cause of action accrues. The same limit applies to claims under the Massachusetts Torts Claim Act. M.G.L. c.258, Sec. 4. Since the federal civil rights statute has no specific period of limitation, the court is required to apply the period of limitation of the most appropriate or analogous state statute. Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). This court has found that a three year limitations period applies to federal civil rights claims arising in Massachusetts. Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991), cert. denied, 112 S.Ct. 948 (1992).
 
 
 5
 Waters asserts that the statute of limitations in this case was tolled by the fact that he was unaware of any perjured testimony until after the trial at which the alleged perjury occurred, due to fraudulent concealment of facts by the appellees. Under the Massachusetts discovery rule, a cause of action does not accrue "until the facts which gave rise to the cause of action ... either became known or should have become known to the injured party in the exercise of reasonable diligence." Edwards v. John Hancock Mut. Life Ins. Co., 973 F.2d 1027, 1029 (1st Cir. 1992) (applying Massachusetts law); Catrone v. Thoroughbred Racing Ass'n, 929 F.2d 881, 885 (1st Cir. 1991) (applying Massachusetts law) (citing cases). The plaintiff need not be aware of the full extent of the harm which he has suffered for the statute to run. Bowen v. Eli Lilly & Co., Inc., 408 Mass. 204, 206, 557 N.E.2d 739, 741 (1990). "The important point is that the statute of limitations starts to run when an event or events have occurred that were reasonably likely to put the plaintiff on notice that someone may have cause h[im] injury." Id. See also Malapanis v. Shirazi, 21 Mass.App.Ct. 378, 383, 487 N.E.2d 533, 537 (1986) (action accrues when reasonably prudent person "reacting to any suspicious circumstances of which he might have been aware ... should have discovered that he had been harmed"). While the accrual period under the federal civil rights statute is a matter of federal law, Rivera-Muriente v. Agosto-Alicea, 959 F.2d 349, 353 (1st Cir. 1992) (citing cases), the standard is similar. "The accrual period in a [federal civil rights action] ordinarily starts when the plaintiff knows, or has reason to know, of the injury on which the action is based." Id. (citing cases).
 
 
 6
 According to Waters, he was not aware that he had suffered harm from any perjury until September 1991 when he obtained and listened to an audio tape of the actual radio transmission of the police and fire department on the night of the fire. We do not agree. Waters admits in his complaint that in October 1987 he received the written transcript of the conversation which he later heard on the tape and that "[t]his transcript showed [him] that the testimony of Defendants Gaddy, Gonzales, Kelly, and Ronan was false, and known to them to be false." Complaint para. 39. Plaintiff also admits that on the basis of this evidence, he filed a motion for a new trial in state court. Id. para. 40. The only new information added by the audio tape was the identification of the voices of the officers, who are identified on the written transcript only by number. Waters alleges that the audio tape indicates that the original description was broadcast not by Officer Gaddy, as she testified at trial, but by Officer Gonzalez. Nevertheless, Waters also alleges that the written transcript already provided the evidence that Officer Gaddy had perjured herself in claiming to have broadcast the second, more accurate description. Thus, even if, as Waters claims, the audio transcript provided further confirmation of the alleged perjury, Waters by his own admission was already aware in October 1987 of sufficient facts to give him reason to know that he had been harmed.[3] Rivera-Muriente, 959 F.2d at 353; Bowen, 408 Mass. at 206, 557 N.E.2d at 741.
 
 
 7
 Plaintiff's cause of action accrued at the latest in October 1987. Hence, the present suit, which was filed in August 1992, is barred by the relevant statutes of limitations.[4]
 
 
 8
 The grant of the motions to dismiss is affirmed.
 
 
 
 [1]
 The alleged perjury appears to consist of the fact that at trial testimony was presented that two descriptions of the suspected arsonist were broadcast by the police immediately after the fire. The first described the suspect as being five feet, ten inches tall, the second as being six feet, six inches tall. Waters alleges that only the first description was actually broadcast and that the second was fabricated to accord with the fact that he is six feet six inches tall. The first description did, however, identify Waters by name on the basis of eyewitness testimony of those present at the time the fire was set
 
 
 [2]
 The record does not indicate the disposition of this motion
 
 
 [3]
 Waters asserts that his cause of action arises not out of the perjured testimony at trial but out of a conspiracy among the defendants to deprive him of his rights. Howsoever the cause of action is characterized, sufficient facts to start the limitations period were possessed by Waters upon his reading of the transcript in October 1987. See Edwards, 973 F.2d at 1029 (cause of action accrues when facts giving rise to action, not legal theory, are known or should be known)
 
 
 [4]
 Having found the suit to be time-barred, we do not address the question of whether appellee Assistant District Attorney Larkin was entitled to absolute immunity