19 F.3d 1427
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
A. Greer EDWARDS, Jr., Plaintiff, Appellant,
v.
FIRST AMERICAN TITLE INSURANCE COMPANY OF NEVADA, et al.,
Defendants, Appellees.
 No. 93-1873
 United States Court of Appeals, First Circuit.
 March 29, 1994
 
 Appeal from the United States District Court for the District of New Hampshire
 A. G. Edwards, Jr. on brief pro se.
 Richard B. Couser and Orr and Reno, P.A. on brief for appellees First American Title Insurance Company, John Hancock Mutual Life Insurance Company, Harold Pearson III, William Gordon, John G. McElwee, Stephen Brown, Thomas L. McKiernan and Arthur Duncan.
 Martha V. Gordon and Nelson, Kinder, Mosseau & Gordon, PC on brief on appellees Prince A. Hawkins and Hawkins, Rhodes & Sharp.
 D.N.H.
 AFFIRMED.
 Before Breyer, Chief Judge, Selya and Cyr, Circuit Judges.
 Per Curiam.
 
 
 1
 Plaintiff-appellant A. G. Edwards, Jr., has brought a pro se appeal from the district court's judgment dismissing Edwards' claims against nine defendants: the John Hancock Mutual Life Insurance Co. ("John Hancock"), six John Hancock employees, Nevada attorney Prince Hawkins, and the Nevada law firm of Hawkins, Rhodes & Sharp. Edwards also appeals from the district court's ruling transferring Edwards' claims against the remaining defendant, the First American Title Insurance Co. ("First American"), to the District of Nevada on grounds of convenience under 28 U.S.C. Sec. 1404(a).
 
 
 2
 In the 1970's the Saval Ranching Co. ("Saval"), of which Edwards was part owner and later sole owner, borrowed money from John Hancock. As security, Saval gave John Hancock deeds of trust to two commercial cattle ranches in Nevada owned by Saval. In 1985, at a time when Edwards resided in Massachusetts, John Hancock foreclosed on Saval's ranches. John Hancock foreclosed through First American, which was John Hancock's trustee on the deeds of trust to Saval's ranches. Hawkins and his law firm represented John Hancock in the foreclosure proceedings.
 
 
 3
 The deeds of trust to Saval's ranches expressly included the mineral, oil, and gas rights pertaining to those ranches. In preparing for the foreclosure sale, however, First American excluded these mineral, oil, and gas rights from the published description of the properties to be sold. Although he could not bid on the properties, Edwards attended the August 15, 1985 Nevada foreclosure sale. At that sale the United States government purchased the properties and acquired the release of John Hancock's interest in the properties. Edwards subsequently moved from Massachusetts to New Hampshire.
 
 
 4
 The U.S. then filed suit against Edwards in the federal district court in Nevada to recover a $600,000 deficiency. The Nevada court ruled on January 5, 1988 that First American had violated applicable Nevada foreclosure statutes by excepting the mineral, oil, and gas rights from the description of the properties, and invalidated the foreclosure. In 1989, Edwards and the U.S. entered into a settlement agreement by which the U.S. transferred all its interest in the properties to Edwards in return for a sum of money.
 
 
 5
 On January 25, 1991, Edwards filed suit in the District Court for the District of Massachusetts against John Hancock. The suit, which included claims for negligence and for breach of contract, sought damages for the underinclusive property description in the notices of the foreclosure sale of the Saval ranches. The district court dismissed Edwards' negligence claim as time-barred, and dismissed his contract claim on the merits. On September 4, 1992, this court affirmed the dismissal of the negligence claim, vacated the dismissal of the contract claim, and remanded for further proceedings.
 
 
 6
 Edwards v. John Hancock Mutual Life Ins. Co., 973 F.2d 1027 (1st Cir. 1992).
 
 
 7
 Edwards filed the instant pro se lawsuit on August 12, 1991 in the District Court for the District of New Hampshire. His original complaint named only First American and sought damages for First American's alleged negligence and breach of contract in carrying out the foreclosure sale. On June 2, 1992, Edwards filed an amended pro se complaint in which he added the other nine defendants and also added additional grounds for relief.
 
 
 8
 On March 23, 1993, the district court (1) dismissed Edwards' claims against the eight non-corporate defendants for lack of personal jurisdiction in New Hampshire; (2) dismissed Edwards' claims against John Hancock in light of Edwards' pre-existing suit against John Hancock in the District of Massachusetts; and (3) transferred Edwards' claims against First American to the District of Nevada pursuant to 28 U.S.C. Sec. 1404(a). Edwards appeals, having been issued a Fed. R. Civ. P. 54(b) certificate by the district court.
 
 
 9
 Claims Against the Eight Non-Corporate Defendants
 
 
 10
 The district court dismissed Edwards' claims against the eight non-corporate defendants-i.e., the six John Hancock employees (Pearson, Gordon, McElwee, Brown, McKiernan, and Duncan), Nevada attorney Hawkins, and Hawkins' law firm-on the ground that New Hampshire lacked personal jurisdiction over any of them under the New Hampshire long-arm statute, N.H. Rev. Stat. Ann. Sec. 510:4.
 
 
 11
 Although Edwards appears to concede in his brief on appeal that New Hampshire lacked personal jurisdiction over these eight defendants, in his reply brief he insists that he did not mean to waive that issue. Assuming, arguendo, that the issue is properly before us, we would affirm the district court's ruling on this point for the reasons stated in the district court's March 23, 1993 order. Edwards did not adequately allege that any of these non-corporate defendants-as distinguished from their corporate employer or principal, John Hancock-transacted business, owned property, or committed a tortious act in New Hampshire within the meaning of the New Hampshire long-arm statute, N.H. Rev. Stat. Ann. 510:4. There is no dispute that the alleged tort-underinclusive description of Saval's properties in connection with the 1985 foreclosure sale-occurred in Nevada and that Edwards resided in Massachusetts at that time. Since this is not a continuing tort, the fact that Edwards moved to New Hampshire after the foreclosure sale does not mean that the alleged tort occurred, in part, in New Hampshire.
 
 
 12
 Edwards argues that instead of dismissing these claims, the district court should have transferred the claims to another forum which would have personal jurisdiction over these eight non-corporate defendants. The district court did not deal with this point in its opinion.
 
 
 13
 Edwards bases his argument on 28 U.S.C. Sec. 1631, which provides that whenever a "court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." There is no question in this case that the district court had jurisdiction over the subject-matter of this action; it was personal jurisdiction that was lacking. Some courts and commentators, relying on a construction of the legislative history of Sec. 1631, have suggested that a court may transfer an action under Sec. 1631 only when it lacks subject-matter jurisdiction, not personal jurisdiction. See, e.g., Levy v. Pyramid Co. of Ithaca, 687 F. Supp. 48, 51 (N.D.N.Y. 1988), aff'd, 871 F.2d 9 (2nd Cir. 1989); 15 Wright, Miller, & Cooper, Federal Practice and Procedure Sec. 3842, at 323 (2nd ed. 1986). By contrast, other courts-pointing to the language of Sec. 1631 itself, which speaks of "jurisdiction" and makes no further distinction-have held that Sec. 1631 does permit a transfer where the tranferor court lacks personal jurisdiction. See, e.g., Ross v. Colorado Outward Bound School, Inc., 822 F.2d 1524, 1527 (10th Cir. 1987); United States v. American River Transportation, Inc., 150 F.R.D. 587 (C.D. Ill. 1993). This court has yet to rule on the issue.
 
 
 14
 We need not do so here. Regardless of whether transfer is sought under Sec. 1631, under 28 U.S.C. Sec. 1404(a) (which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought"), or under 28 U.S.C. Sec. 1406(a) (which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought"), we would affirm the denial of a transfer because all of Edwards' claims against the eight non-corporate defendants were time-barred, under all statutes of limitations that might be applicable, at the time he filed those claims in the instant case. A federal court may not transfer an action to another court under Sec. 1631 if the action was time-barred at the time it was filed. See, e.g., Billops v. Department of the Air Force, 725 F.2d 1160, 1163 (8th Cir. 1984). Similarly, transfer under either Sec. 1404(a) or Sec. 1406(a) would not serve the interests of justice where the action was time-barred at the time it was filed. See, e.g., McTyre v. Broward General Medical Center, 749 F.Supp. 102, 105-09 (D.N.J. 1990).
 
 
 15
 Edwards asserted six causes of action against some or all of these eight defendants: (1) negligence; (2) breach of contract; (3) breach of an implied covenant of good faith and fair dealing; (4) violation of RICO, 18 U.S.C. Secs. 1961-68; (5) violation of the Massachusetts Consumer Protection Act, Mass. Gen. Laws 93A; and (6) deceptive trade practices under Nevada statutes. In Edwards' prior appeal arising out of the similar action Edwards brought in Massachusetts, this court has already ruled that Edwards' cause of action for negligence was time-barred under Massachusetts law at some time before January 1991, i.e., before Edwards filed either the complaint or the amended complaint in the instant action. Edwards, supra, 973 F.2d at 1029-30.
 
 
 16
 All other possible statutes of limitations for any of Edwards' claims-whether under Nevada, Massachusetts, or New Hampshire law-are six years or less. The applicable limitations period for a negligence action is six years in New Hampshire, N.H. Rev. Stat. Ann. 508:4, I, and four years in Nevada, Nev. Rev. Stat. Sec. 11.190, 2(c). The applicable limitations period for a contract action, or an action for breach of an implied covenant of good faith, is six years in Massachusetts, Mass. Gen. Laws c. 260, Sec. 2; six years in New Hampshire, N.H. Rev. Stat. Ann. 508:4, I; and either six or four years in Nevada, Nev. Rev. Stat. Sec. 11.190, 1(b), 2(c). The limitations period for a civil RICO action is four years.
 
 
 17
 Agency Holding Corp. v. Malley-Duff & Associates, Inc., 483 U.S. 143, 156 (1987). The limitations period for an action under Mass. Gen. Laws c. 93A is four years. Mass. Gen. Laws c. 260, Sec. 5A. Finally, Edwards has not disputed appellees' assertion that the limitations period for an action under Nevada deceptive trade practices statutes is four years. Nev. Rev. Stat. Secs. 598A.220, 11.220.
 
 
 18
 This court already has strongly suggested, if not expressly held, that under Massachusetts law Edwards' cause of action for negligence accrued by the time of the foreclosure sale, i.e., by August 15, 1985. Edwards, supra, 973 F.2d at 1029-30. Appellees urge that this accrual date should govern all of Edwards' causes of action.
 
 
 19
 Edwards has given no reason, and we see none, to think that his contract-based claims and his tort-based claims should be governed by different accrual dates. In his brief on appeal, moreover, Edwards expressly accepted the August 15, 1985 accrual date.
 
 
 20
 In his reply brief, Edwards does belatedly challenge this accrual date. However, his only challenge, whether as a matter of Massachusetts, New Hampshire, or Nevada law, is his contention that his causes of action did not accrue until mid-1990, when the U.S. Forest Service allegedly cancelled his grazing permit for livestock on his Saval ranches. He alleges that this cancellation "[d]irectly deriv[ed]" from the defective foreclosure sale and caused him substantial economic harm.
 
 
 21
 This argument has no merit because there has been, and can be, no dispute that Edwards was on notice of possible substantial injury as of the August 1985 foreclosure sale, when the underinclusive property description may have caused the Saval ranches to be sold for a lower price. A cause of action accrues when a plaintiff has "knowledge, actual or attibuted, of both harm to it and the likely cause of such harm, ... sufficient to stimulate further inquiry which was likely to alert it to a cause of action against a defendant." Hanson Housing Authority v. Dryvit System, Inc., 29 Mass. App. Ct. 440, 446, 560 N.E.2d 1290, 1294 (1990), rev. den., 409 Mass. 1101, 565 N.E.2d 792 (1991). The fact that a plaintiff subsequently suffers some additional harm that may be traced to the same likely cause does not delay accrual of the cause of action. Id. ("It is not required that the extent of injury be known before accrual of a cause of action"); Rowe v. John Deere, 130 N.H. 18, 21-23, 533 A.2d 375, 376-78 (1987). See Sorenson v. Pavlikowski, 94 Nev. 440, 443-44, 581 P.2d 851, 853-54 (1978).
 
 
 22
 Accordingly, with an accrual date of no later than August 15, 1985, the latest Edwards could have brought any of his claims against any of these defendants was August 15, 1991.
 
 
 23
 Edwards' amended complaint naming these eight defendants was not filed until June 2, 1992.
 
 
 24
 Although Edwards' original complaint was filed three days before August 15, 1991, it did not name any of these defendants. Edwards has not argued that the provisions of Fed. R. Civ. P. 15(c)-setting forth the circumstances under which claims raised in an amended complaint can relate back to the time the original complaint was filed-apply here. Even if he had raised this argument-we note that both appellees' briefs do discuss this point, despite Edwards' failure to raise it-we see no merit in it.
 
 
 25
 Fed. R. Civ. P. 15(c)(1) permits relation back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." None of the statutes of limitations which may possibly apply to any of Edwards' claims contains such a provision.
 
 
 26
 Fed. R. Civ. P. 15(c)(2) permits relation back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." This provision governs the assertion of new legal theories in an amended complaint, and does not apply when the amended complaint seeks to add new parties. See Jacobson v. McIlwain, 145 F.R.D. 595, 603 (S.D. Fla. 1992).
 
 
 27
 Finally, Fed. R. Civ. P. 15(c)(3) permits relation back of an amendment adding new parties when the claim asserted arose out of the conduct set forth in the original pleading, as required by Rule 15(c)(2), "and, within the period [120 days] provided by Rule 4(j) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Edwards meets neither of these latter two requirements here.
 
 
 28
 Edwards has said nothing to indicate that any of the eight non-corporate defendants named in the amended complaint received notice of the original complaint within 120 days of its filing. Nor is there anything in the record to suggest that Edwards made some mistake regarding the proper party to be sued, rather than merely deciding at a later time to sue further parties in addition to First American. Indeed, Edwards himself acknowledged as much in his memorandum in support of his motion to file the amended complaint, when he stated, "The plaintiff has further studied his cause of Action in this matter and has found the justification to enlarge his Complaint by adding relevant supplementary averments and by naming related additional appropriate Defendants."
 
 
 29
 Edwards argues in his brief on appeal that after he filed his original complaint, and also after he filed his amended complaint, the clerk of the district court improperly delayed issuing a summons as required by Fed. R. Civ. P. 4(a). This impropriety, according to Edwards, delayed service of process upon the defendants.
 
 
 30
 We need not consider this matter because Edwards' contention, even if true, is irrelevant to our decision. All of Edwards' claims against the eight non-corporate defendants were time-barred before June 2, 1992, when the amended complaint naming these defendants was filed. Any subsequent delay in service of process on these defendants, therefore, was beside the point. Even if somehow the district court clerk improperly prevented Edwards from providing these defendants with timely notice of his original complaint, and those circumstances somehow satisfied Fed. R. Civ. P. 15(c)(3)(A) (points which are by no means clear), this would avail Edwards nothing, since we have already held that Fed. R. Civ. P. 15(c)(3)(B) was not satisfied.
 
 Claims Against John Hancock
 
 31
 As we have said, on January 25, 1991-well over a year before the filing of his amended complaint in the instant case adding claims against John Hancock-Edwards filed a similar suit in the District Court for the District of Massachusetts, naming John Hancock as the only defendant. Edwards' Massachusetts lawsuit, like the instant suit, sought to recover damages, based on counts of negligence and breach of contract, for the underinclusive property description in the notices of the foreclosure sale of the Saval ranches.
 
 
 32
 The district court found that both the Massachusetts lawsuit and Edwards' instant claims against John Hancock involved the same issues and the same parties. Accordingly, the district court dismissed Edwards' claims against John Hancock, citing the "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 94-95 (9th Cir. 1982). At the time of the district court's order, apparently Edwards' contract claim remained pending in the Massachusetts suit, although his negligence claim had been dismissed as time-barred. See Edwards, supra, 973 F.2d 1027.
 
 
 33
 Edwards does not appear to challenge this district court ruling in his brief on appeal. In light of "the settled appellate rule that issues ... unaccompanied by some effort at developed argumentation ... are deemed waived," United States v. Zannino, 895 F.2d 1, 17 (1st Cir.), cert. denied, 494 U.S. 1082 (1990), we will not consider this issue.
 
 Claims Against First American
 
 34
 This court lacks appellate jurisdiction to consider Edwards' appeal from the district court's ruling transferring Edwards' claims against defendant-appellant First American Title Insurance Co. to the District of Nevada pursuant to 28 U.S.C. Sec. 1404(a). It is well-settled that such a transfer order under Sec. 1404(a) is an interlocutory order and therefore is not appealable as a final judgment. Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860 (1977). Since Edwards has not obtained a certificate for interlocutory appeal under 28 U.S.C. Sec. 1292(b), we lack jurisdiction over this aspect of his appeal.
 
 
 35
 In any event, even if we had jurisdiction, we would affirm the district court's transfer ruling for the reasons stated in the district court's March 23, 1993 order. Only under unusual circumstances would we disturb a district court's exercise of discretion in ordering a transfer under Sec. 1404(a). Id. Certainly no such circumstances exist here, given the undisputed facts that the events giving rise to Edwards' claims occurred primarily in Nevada, the Saval ranches are in Nevada, and relevant documents and witnesses will be readily available in Nevada.
 
 Conclusion
 
 36
 We affirm the district court's denial of Edwards' motion for reconsideration. As the district court stated, if viewed as a Fed. R. Civ. P. 59(e) motion to alter or amend the judgment, the motion was untimely because it was served more than ten days after entry of judgment. Fed. R. Civ. P. 59(e). If viewed as a Fed. R. Civ. P. 60(b) motion, the motion stated no possible basis for relief from judgment.
 
 
 37
 We have considered all of Edwards' other arguments and find them meritless.
 
 
 38
 The request of Hawkins and Hawkins, Rhodes & Sharp that sanctions, including attorneys' fees, be awarded against Edwards is denied.
 
 
 39
 The judgment of the district court is affirmed.