Dan J. OROS, Plaintiff,

v.

**HULL & ASSOCIATES, et al., Defendant.**

No. 3:02CV7461.

United States District Court,
N.D. Ohio,
Western Division.

Aug. 25, 2003.

**402**

Andrew J. Ayers, Bahret & Associates, Marc J. Meister, Meister, Ayers & Meister, Holland, OH, for Plaintiff.

Valerie A. Trudel, Reminger & Reminger, Toledo, OH, Donald J. Moracz, Reminger & Reminger, Sandusky, OH, Samuel J. Nugent, City of Toledo, Department of Law, Garrick O. White, Anspach, Serraino, Meeks & Nunn, Richard F. Ellenberger, Anspach, Serraino, Meeks & Nunn, Toledo, OH, for Defendants.

## ORDER

CARR, District Judge.

The plaintiff, Dan J. Oros, seeks damages from defendants Hull Associates, Inc. ("Hull") and Genesis Contracting, Inc. ("Genesis") for harm allegedly caused by exposure to hazardous waste at a waste removal site. This court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441. Pending is Genesis's motion to dismiss. For the following reasons, Genesis's motion shall be granted.

Plaintiff, a former employee of defendant Hull Associates, Inc., worked on a waste removal project in Toledo, Ohio, from August 26 through August 28, 2000. He became ill, allegedly from exposure to some of the work site materials. Among those materials were benzene, tetrachloroethene and 2–butanone (MEK). Plaintiff's suffers from reactive airway dysfunction syndrome, mononucleosis and MEK neurotoxic poisoning.

Plaintiff filed suit in the Lucas County, Ohio, Court of Common Pleas on August 26, 2002, against his former employer, Hull Associates, Inc.; the property owner, the City of Toledo; and four John Doe defendants. Plaintiff asserted state-law claims for ultra-hazardous activity and negligence against the City of Toledo and Hull and employer intentional tort and dual capacity against Hull. Defendants removed the case to this court on the basis of diversity of citizenship under 28 U.S.C. §§ 1441, 1332.

Plaintiff claims to have first learned about Genesis's connection to his injuries only after removal of the case from state court. Hull has assigned him to document and oversee the waste removal at the site, while Genesis performed the actual removal of materials from the site. Plaintiff had apparently thought that the property owner, the City of Toledo, controlled the work site and made decisions concerning waste removal methods and work site safety.

After learning that Genesis allegedly controlled the work site and made the pertinent decisions, Plaintiff sought leave to amend his complaint to name Genesis as a defendant. Plaintiff's request was granted and he filed an amended complaint naming as defendants Hull, Genesis, and three John Does on January 14, 2003. The City of Toledo was terminated from the suit. Plaintiff asserted ultra-hazardous activity and negligence claims against Genesis; he did not change his allegations against Hull.

Genesis moves to dismiss, asserting that the statute of limitations bars plaintiffs' claims against it.

No complaint shall be dismissed unless the plaintiff has failed to allege facts in support of plaintiff's claim that, construed in plaintiff's favor, would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45?46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When deciding a motion brought pursuant to Fed. R.Civ.P. 12(b)(6), the inquiry is essentially limited to the content of the complaint, although matters of public record, orders, items appearing in the record, and attached exhibits also may be taken into account. *See Yanacos v. Lake County*, 953 F.Supp. 187, 191 (N.D.Ohio 1996). The court must accept

the allegations stated in the complaint as true, *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984), while viewing the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

## DISCUSSION

Genesis alleges that Plaintiff filed suit against it outside the applicable two-year limitations period and that the "fictitious name" rule under Ohio law does not apply to this case. Plaintiff asserts that the allegations in the amended complaint relate back to the original filing date pursuant to Fed.R.Civ.P. 15(c), which would defeat the statute of limitations defense.

Plaintiff asserted ultra-hazardous activity and negligence claims against Genesis in his amended complaint, which was filed on January 14, 2003. The events which caused Plaintiff's injuries occurred from August 26 through August 28, 2000. Ohio law prescribes a two year limitations period for personal injury claims. O.R.C. § 2305.10. Plaintiff's claims against Genesis are untimely unless the amended complaint relates back to the original filing date.

Under Fed. R. Civ. P 15(c), an amended complaint may relate back to the original filing date when

(1) relation back is permitted by the law that provides the statute of limitations applicable to the action, or

(2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or

(3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received

such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

In this case, section two does not apply because the plaintiff is not seeking to add a claim or defense to the complaint. Section three also does not apply because the notice requirement is not met. Finally, while Ohio law governs the limitations period for Plaintiff's claims against Genesis and the Ohio Rules of Civil Procedure provide for relation back, the Sixth Circuit interpretation of Fed. R.Civ.P. 15(c)(1) requires that the actual statute providing the claim limitation period include a relation back provision. The statute at issue in this case does not contain such a provision. Therefore, Fed.R.Civ.P. 15(c)(1) does not apply to Plaintiff's claims against Genesis.

Consequently, none of the relation back methods enumerated in Fed.R.Civ.P. 15(c) are applicable to this case, so Genesis's motion to dismiss must be granted.

### Fed.R.Civ.P. 15(c)(2)

Fed.R.Civ.P. 15(c)(2) provides that an amended pleading relates back when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." The plaintiff in this case did not change or add any claims to the suit. He merely substituted a party against whom some of the claims set forth in the original complaint are asserted. Section (c)(2), therefore, does not apply to this case.

### Fed.R.Civ.P. 15(c)(3)

The plaintiff's amended complaint may not relate back under Fed.R.Civ.P. 15(c)(3) either because the notice component applicable to the second and third rule requirements is not met. An amended complaint changing the party against whom a claim is asserted will not relate back unless: (1) the foregoing section (2) is satisfied, and within the time period provided by rule 4(m) for service of process, the party to be brought in by

amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against that party. Fed.R.Civ.P. 15(c)(3).

There is no question that the first requirement is met. Section (c)(2) requires that the claims asserted must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. The plaintiff did not assert any new claims in the amended complaint; he merely substituted the party against whom some of them were asserted.

However, Rule 4(m) provides that service of process must be completed within 120 days from the original complaint filing date. Fed.R.Civ.P. 4(m). The plaintiff filed suit on August 26, 2002. Under Rule 6 that governs time computation, 120 days from the plaintiff's filing date is December 24, 2002. Fed. R.Civ.P. 6. The plaintiff did not file his amended complaint until January 14, 2003 and there is no evidence in the record suggesting that Genesis had constructive notice of the suit prior to the Rule 4(m) notice date. Therefore, the second and third requirements of section (c)(3) are not met, so Plaintiff's amended complaint cannot relate back under section (c)(3).

### Fed.R.Civ.P. 15(c)(1)

Plaintiff's amended complaint cannot relate back under Fed.R.Civ.P. 15(c)(1) as well. The rule states that an amended complaint may relate back when "relation back is permitted by the law that provides the statute of limitations applicable to the action." Fed.

R.Civ.P. 15(c)(1). This section was added to Rule 15 in the 1991 Federal Rule of Civil Procedure amendments. The Advisory Committee Notes state that the new provision " is intended to make clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." Fed.R.Civ.P. 15(c)(1) Advisory Committee Notes. The Notes more specifically state:

> Generally, the applicable limitations law will be state law. If federal jurisdiction is based on the citizenship of the parties, the primary reference is the law of the state in which the district court sits .... Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.

*Id.* (citations omitted).

Rule 15(c)(1), therefore, implicates state relation back principles when the law of the state provides the applicable statute of limitations.

Since the 1991 amendments adding section (c)(1) to Rule 15, the Sixth Circuit has cited the provision only once. In that case, *Lovelace v. O'Hara*, 985 F.2d 847, 851–52 (6th Cir.1993), the court stated that the plaintiff could not use section 15(c)(1) relation back principles to save a 42 U.S.C. § 1983 claim asserted in an amended complaint, because while Kentucky law provided the statute of limitations, the particular statute in question "contain[ed] no specific provision for relation back." *Id.* at 852. Though Kentucky rules of civil procedure[1] permitted relation back, its limitations statute did not specifically permit relation back.[2]

---

**1.** See Ky. Stat. R. Civ. P., Rule 15.03.

**2.** There is a Circuit Court split on the scope of Rule 15(c)(1). Courts permitting relation back include the Third, *Lundy v. Adamar of N.J., Inc.*, 34 F.3d 1173 (3d Cir.1994) (relation back principles provided in N.J. Rules of Ct. 4:9–3, but statute of limitation found in N.J. Stat. Ann § 2A:14–2), Fifth, *McGregor v. Louisiana State Univ. Bd. of Supervisors*, 3 F.3d 850 (5th Cir. 1993) (Limitations period governed by La. Civ. Code Ann. Art. 3536 (1982) and relation back principles provided by La.Code Civ. Proc. Ann. Art. 1153), Seventh, *Arendt v. Vetta Sports, Inc.*,

99 F.3d 231 (7th Cir.1996) (governing limitations statute is 70 Ill. Comp. Stat. 3615/5.03, but relation back principles found in 735 Ill. Comp. Stat. 5/2–616(d)), and Eleventh. *Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 963 (11th Cir.2001) (stating that relevant state law is not restricted to the actual limitations statute for Rule 15(c)(1) purposes).

Like the Sixth Circuit in *Lovelace, supra,* the First Circuit conditions relation back on the underlying statute. *Edwards v. First American Title Ins. Co. of Nevada*, 1994 WL 102402, *5 (1st

In this case, Plaintiff's claims against Genesis are authorized under Ohio law and are governed by O.R.C. § 2305.10. Since *Lovelace* was decided, Rule 15(c)(1) has not been applied in the Sixth Circuit, so the case is still binding precedent on this court: And while Ohio law provides for relation back pursuant to the Ohio Rules of Civil Procedure, O.R.C. § 2305.10 contains no specific relation back provision. The conclusion follows that the plaintiff's amended complaint may not relate back under Fed.R.Civ.P. 15(c)(1) because the limitations statute applicable to this action does not specifically provide for relation back.

### Conclusion

The statute of limitations governing Plaintiff's claims against Genesis has expired and the Fed.R.Civ.P. 15(c) relation back provisions do not apply in this case. Consequently, Genesis's motion to dismiss must be granted because Plaintiff's claims against it are untimely.

It is therefore, ordered that

Genesis's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) be granted.

So ordered.

Cir.(N.H.), Mar 29, 1994) (Unpublished Disposi-